UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* ELLIOTT ET AL.

[No. 9,837. Filed May 9, 1919.]

SCHOOLS AND SCHOOL DISTRICTS.—*Erection of School House.—Payment of Materials.— Assignment by Contractor. — Release of Surety.*—Where a contractor for the construction of a school building, in alleged violation of his contract with the surety, assigned a future payment under the building contract to pay the claim of a materialman, and the surety, with knowledge of such assignment, took over and completed the contract on the contractor's failure, the surety was estopped from claiming that such assignment released it, the surety's conduct under the circumstances constituting a ratification of the assignment.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by the school towns of Middletown and Fall Creek township against Howard C. Elliott, the United States Fidelity and Guaranty Company and others. From the judgment rendered, the defendant guaranty company appeals. *Affirmed.*

*Barnard & Brown, Pickens, Moore, Davidson & Pickens* and *Douglass Morris,* for appellant.

*Forkner & Forkner,* for appellees.

Nichols, J.—The appellees, the school towns of Middletown and of Fall Creek township in Henry county, entered into a contract with appellee Howard C. Elliott for the construction of a joint high school building. The appellant became surety on the contractor's bond to save the school corporations from any loss resulting from the breach by the contractor of the terms and conditions of the contract.

The contract provided that the work should be done under the direction of the architect employed by the school corporations, that payment should be made "only upon certificate of the architect," and that the school corporations should pay eighty-five per cent. of the value of the labor and materials monthly as the work progressed, and the balance within thirty days after the completion of the building. The contractor failed to carry out his contract, and left the work unfinished. In order to avoid a reletting of the contract, the appellant, with Elliott and the school corporations, entered into a written agreement as follows:

> "For the consideration hereinafter named, the within Howard C. Elliott assigns and transfers all his rights and interests in the contract to the United States Fidelity and Guaranty Company of Baltimore, Maryland, and said company in

consideration of said assignment assumes said contract and without waiving any claims it may have against said Elliott, agrees to perform the said contract in all particulars, and agrees to protect the school town of Middletown and the trustee of Fall Creek School Township, Henry County, Indiana, from material and labor claims now unpaid, and such as shall accrue in the course of the construction and completion of said building, and from all liability thereon. And in consideration of the foregoing assignment and agreements the said school town and school township agree to permit the said Guaranty Company to complete the same and pay the balance of the contract price, under this contract, as it shall become due under proper estimates of the architect. The building to be completed by August 1, 1915. Dated at Middletown, Indiana, January 18, 1915.''

This action was commenced by said school corporations against the appellee Elliott and seventeen others, including the appellant, for an accounting among the parties, for an adjudication of claims asserted by certain appellees, who were materialmen, subcontractors and laborers, against the funds held by the plaintiffs to pay for the erection of said building, and to determine a controversy between the plaintiffs and appellant as surety of said Elliott, growing out of the payment by plaintiffs of funds claimed by appellant of $2,000 to the Citizens State Bank, a creditor of Elliott. This payment to the bank is the only question involved in this appeal. The appellant claims that this payment was not authorized by the contract and bond, nor justified by law.

The appellant, after taking over the work, completed the building to the satisfaction of the architect, and the school corporations thereupon accepted it. The complaint, after setting out the above facts, further alleged that the entire cost of the building was $45,841; that the plaintiffs before suit had paid $35,322 on partial estimates upon claims for labor, material, and to the contractor and upon orders and assignments given by him, and that plaintiffs were ready and willing to pay to the parties entitled thereto, upon proper adjudication, any other additional sum that might be found or decreed by the court upon a final hearing. Then followed a schedule of claims remaining unsettled, aggregating $8,359.38, about which there was no controversy, and which were all paid before this appeal was taken.

The plaintiffs, on motion of appellant, filed a bill of particulars which showed payments on architect's certificates numbered 1 to 9 aggregating $33,212.29, and also a payment on an "assignment to Citizens State Bank of Newcastle, Indiana, dated October 14, 1914, for $2,000."

Appellant filed an answer, the material part of which alleged that the said payment of $2,000 to the bank was made after the acceptance of the building and with and after notice that the same was not properly chargeable against appellant as surety on said bond or by reason of any contract relations or lawful obligations, and was a voluntary payment for which appellant was not answerable; and that said payment was not made under the direction or by the authority of the architect, as was required by the contract between plaintiffs and the contractor. It was also alleged that when said $2,000 was so paid plaintiffs

did not owe appellee Elliott anything on the contract; that Elliott was in default in the performance of his contract in a sum exceeding $10,000 and owed the plaintiffs more than $2,000 on that account, and asked that the said school corporations be required to pay the appellant the said sum of $2,000.

Appellant filed a cross-complaint setting up the same facts and asking for affirmative relief and for judgment against Elliott in the sum of $15,000.

The cause was submitted to the court for trial with the agreement that the court should determine the rights of all the parties without further pleadings.

The court found against the appellant upon its contention that said $2,000 was wrongfully paid to said bank, and a decree was rendered accordingly.

The further facts relative to the payment of said $2,000 are in substance as follows: On October 14, 1914, the contractor Elliott went to the Citizens State Bank to borrow $2,000 for the purpose of paying for material and labor used in the construction of said building. The bank would not advance him the money on his own responsibility, but agreed with him that, if he would make an assignment of $2,000 of the proceeds coming to him on his building contract and get the school corporations to accept the assignment, the bank would give him credit for $2,000. This was done, the said assignment and acceptance being in writing and dated October 17, 1914, the acceptance providing that out of the next money paid to the contractor the plaintiffs would issue their check to the bank for said $2,000.

The bank thereupon gave the contractor credit for $2,000, and the contractor gave his check for $1,943.50 to a materialman for material. Said check was pre-

sented to the bank and paid on October 19, 1914. The balance of said $2,000 was checked out in the regular course of business.

The appellant, having received notice that the contractor was having financial difficulties, and that it might be to its interest to investigate, sent a representative to Middletown, who investigated the matters, and was informed that the contractor had made such assignment to the bank, and that it had been accepted by the plaintiffs, and that the plaintiffs had agreed to pay said $2,000 out of the next money coming to the contractor. This representative of appellant and the plaintiffs in their investigation on this occasion found that there were claims then outstanding against the contractor of about $8,000, including the $2,000 borrowed of the bank.

The appellant, not being satisfied with the application of the funds collected by the contractor, threatened to take over the contract and complete the building, as was its right under the terms of the bond, and in order to avoid this said contractor and appellant, on November 11, 1914, entered into a writing authorizing the plaintiffs thereafter to pay all moneys then due or to become due said contractor under the contract to F. A. Wisehart, as the agent of the appellant, and to said contractor jointly, said moneys to be deposited in a bank and to be checked out only by said Wisehart and Elliott jointly. This agreement was accepted by plaintiffs, and the next payment was made accordingly, after which Mr. Elliott authorized all payments to be made to Mr. Wisehart, which was done.

The materialmen were having trouble in getting pay for materials furnished, and refused to permit

any materials to be unloaded from the cars unless payments were made in advance. There was not sufficient money due under the estimate made next after the said assignment to the bank to pay the bank and to pay for the material being delivered, so the money on the next and succeeding estimates, prior to the last and final one, was used for the purpose of paying for material, and no payment was made to the bank until the final estimate was made.

The contractor failed, and, in order to avoid a reletting of the contract, appellant, on January 18, 1915, entered into the written agreement with said contractor and the plaintiffs, hereinbefore set out, whereby the contractor assigned and transferred all his rights under the contract to appellant, and appellant agreed to perform the contract and protect plaintiffs, and plaintiffs agreed to pay the balance of contract price to appellant. The appellant took over the work and completed the building according to the contract. The architect made his final estimate on August 13, 1915, showing that there was a balance of $12,628.71 due on the contract. The plaintiffs then accepted the building, and on August 23 filed the complaint in this cause. After the complaint was filed and before the trial plaintiffs paid the said $2,000 to the bank.

It is appellant's contention that the acceptance of the assignment from the contractor to the bank and the payment to the bank constituted a material departure by the plaintiffs from the terms of the building contract, and, being made without the consent of appellant, released it as surety on the contractor's bond.

It is not necessary for us to determine what effect the acceptance of said assignment might have had

upon the liability of appellant. The appellant was fully advised that this assignment had been made, and that the plaintiffs had accepted same. When it learned of this, if it thought that the action of the plaintiffs in accepting such assignment released it as surety, it had the legal right to stand upon the terms of the contract and permit the contract to be declared forfeited, and to permit the plaintiffs to relet the contract, or it might waive its right to claim a release and take over the contract and complete the building as it had a right to do under the terms of the contract. With knowledge of all the facts, appellant elected to take over the contract and complete the building rather than to have the plaintiffs relet the contract. Having done so, appellant is estopped from claiming that it was released as surety. The decision of the court was clearly correct.

The appellant, by taking over the contract and completing the building, ratified the acts of plaintiffs. *Crim* v. *Fleming* (1890), 123 Ind. 438, 24 N. E. 358.

There was no error in overruling the motion for a new trial.

Judgment affirmed.