The Singer Manufacturing Company v. Forsyth et al.

Filed Nov. 23, 1886.

No. 12,591.

THE SINGER MANUFACTURING COMPANY v. FORSYTH ET AL.

CONTRACT.—Consideration.—Parol Proof of Collateral or Contemporaneous Agreement.—Where a collateral agreement, whether oral or written, constitutes a condition upon which the performance of a written contract depends, or where a contemporaneous agreement of one party forms the consideration for the written contract, such collateral or contemporaneous agreement may be shown.

SAME.— Guaranty Bond.— Action on.— Consideration. — Showing Concurrent Contract of Agency. — In an action upon a bond, guaranteeing the payment, by the principal obligor, of every indebtedness to the obligee then existing or which might thereafter be incurred, but which states no consideration and shows by implication that it is collateral to some other agreement not mentioned, it may be averred and proved by parol that the consideration of the bond was a contract of agency executed concurrently with it.

SAME.—Liability of Guarantors.—Bond and Contract Construed Together.—In such case, the bond and the contract of agency, having been executed contemporaneously, are to be construed together, and the obligation of the bond will be limited to indebtedness arising under and embraced by such contract.

From the Decatur Circuit Court.

L. Maxwell and D. Wilson, for appellant.

J. D. Miller, F. E. Gavin and J. S. Scobey, for appellees.

MITCHELL, J.—The complaint in this cause charges that on the 27th day of October, 1874, William H. Forsyth, Columbus C. Burns and Elias R. Forsyth executed a joint and

several bond to the Singer Manufacturing Company, conditioned that William H. Forsyth should pay, or cause to be paid, any and every indebtedness or liability then existing,. or which might thereafter in any manner exist or be incurred,. on the part of William H. Forsyth, to the Singer Manufacturing Company, whether such liability should exist in the shape of book accounts, notes, renewals, or extensions of notes or accounts, acceptances, endorsements or otherwise. A copy of the bond was filed with, and made part of, the complaint. The conditions of the bond are substantially as they are recited in the complaint.

It was averred that thereafter, in the year 1877, on the faith of the bond and in pursuance of its provisions, William. H. Forsyth, for a valuable consideration, executed his four promissory notes, for amounts stated, to the Singer Manufacturing Company. Copies of the notes are set out. They are all payable at a bank in this State.

The complaint also charges, that pursuant to the above mentioned bond, William H. Forsyth transferred and delivered to the obligee in the bond, a certain note against one James H. Kersey, and that he (Forsyth) guaranteed the payment of the same to the plaintiff. It avers that the note so transferred and guaranteed is not collectible. It is alleged that all the notes are due and unpaid. Judgment is demanded as for a breach of the condition of the bond.

Neither the complaint nor the bond on its face discloses, unless by implication, any consideration whatever for the execution of the obligation sued on. It does not appear, either by averment in the complaint or recital in the bond, that William H. Forsyth was indebted to the Singer Manufacturing Company at the time the bond was executed, or that there was any business transaction of any kind had, or under contemplation, between him and the company at the time the bond was delivered.

So far nothing appears except that in 1874 the obligors. signed and delivered the bond in suit to the Singer Manu-

facturing Company, and that three years thereafter the notes described in the complaint were received on the faith of the bond, for a valuable consideration moving to the maker and guarantor of the notes. No question is made as to the sufficiency of the complaint, and we express no opinion on that subject.

Answers were filed in which, substantially, the following facts are made to appear, viz.: That the sole and only consideration for the execution of the bond declared on was, that concurrently with its execution the Singer Manufacturing Company, by a written agreement, constituted William H. Forsyth its agent, for the sale of its sewing machines in the county of Decatur, in the State of Indiana, the company agreeing to furnish him for sale, and to be leased, machines and accessories, at a discount of 35 per cent. from its regular list price. The contract stipulated that the agent should account monthly for all machines sold or leased by him, either with cash, or the note of the purchaser, or by giving his own promissory note, and at the termination of the agency return to the company all machines remaining unsold.

The answer alleges that this contract of agency continued until the 15th day of May, 1875, when it was superseded by a new contract, and that this new contract was superseded by a third, on the 3d day of October, 1876, which was followed by a fourth, dated May 13th, 1877. That finally on the 4th day of October, 1877, the agency was terminated, and a full and final settlement had between the company and its agent. This settlement, according to the answer, resulted in an absolute sale by the company to William H. Forsyth of all the machines then unsold in the possession of the latter, and which had been consigned to him under the previous contract of agency. The answer further avers that all of the foregoing contracts, except that executed contemporaneously with the bond in suit, were made without the knowledge or consent of the defendants, and that the notes sued on were executed in consideration of, and in payment for, the property pur-

chased by Wm. H. Forsyth from the company on the 4th day of October, 1877, when the previous contracts were annulled and cancelled. There were also answers alleging that the bond had been executed without consideration.

Demurrers were overruled to all the answers which presented as a defence the facts above set out.

Upon issues made a trial was had which resulted in a finding and judgment for the defendants below.

It is contended here, that the demurrers to the answers, above summarized, should have been sustained, and that the court should have granted a new trial, because the finding was not sustained by any competent evidence.

The position which the appellant's learned counsel seek to maintain is, that since the bond in terms covers every indebtedness of William H. Forsyth, whether existing at the time the bond was executed, or which might thereafter exist or be in any manner incurred, it was not competent to aver, and prove by parol, that the sole consideration of the bond was the contract of agency, which was executed concurrently with it, and that it was error to confine the obligation of the bond to indebtedness arising under and embraced by such contract.

The argument is, that to permit the bond to be so restrained is in violation of the elementary principle which forbids that a plain and unambiguous contract should be varied, contradicted or added to by parol.

The rule that a formal written contract, which appears to be complete, will be presumed to be the repository of the final intentions of the parties, in regard to the subject-matter of the agreement, and that it excludes proof of any prior or contemporaneous parol stipulations which would contradict the writing, is abundantly settled, and should not, on account of its importance, be relaxed in any degree.

"It would be inconvenient," says Lord Coke, "that matters in writing made by advice and on consideration, and

which finally import the certain truth of the agreement of the parties, should be controlled by averment of the parties to be proved by the uncertain testimony of slippery memory. And it would be dangerous to purchasers and farmers, and all others in such cases, if such nude averments against matter in writing should be admitted." *Rutland's Case,* 5 Coke's R. 26.

Obligations which parties have deliberately entered into, and put in writing, can not therefore be 'pared down, taken away or enlarged by parol evidence.

The rule, however, has no application to a case in which it appears from the writing itself that it does not contain the whole agreement between the parties, nor does it operate to exclude proof of collateral or superadded agreements, provided the agreements so sought to be proved be not inconsistent with the writing. In such cases parol evidence of the collateral matter is admissible to the extent that it does not specifically add to, or contradict, or where it is necessary to complete, the original contract. *Trentman* v. *Fletcher,* 100 Ind. 105, and cases cited; *Chapin* v. *Dobson,* 78 N. Y. 74 (34 Am. R. 512); *Eighmie* v. *Taylor,* 98 N. Y. 288; Jones Com. Cont., pp. 188–198.

This doctrine, carried, perhaps, on the facts of that case to its utmost limit, was applied in *Welz* v. *Rhodius,* 87 Ind. 1 (44 Am. R. 747), where the authorities illustrating the rule are collected.

The inquiry, therefore, of primary importance in the present case is, does the written instrument, which is put forward as the foundation of the action, appear to be complete in itself? or, does not the suggestion necessarily arise out of the very terms of the writing, that it is collateral to, and dependent upon, some engagement, either oral or written, between the obligee and principal obligor named in the bond?

The rule is abundantly settled that where a collateral agreement, whether oral or written, constitutes a condition upon which the performance of a written contract depends, or

where a contemporaneous agreement of one party forms the consideration for the written agreement in question, such collateral or contemporaneous agreement may be shown. Stephen Digest of Ev., art. 90; Taylor Ev., section 1038; *Shughart* v. *Moore*, 78 Pa. St. 469; *Wilson* v. *Deen*, 74 N. Y. 531.

Looking at the bond, it becomes at once apparent that it is a special contract or promise on the part of the guarantors to answer for the debt, default or miscarriage of William H. Forsyth. Such a contract must be in writing, and but for section 4905, R. S. 1881, which provides that "The consideration of any such promise, contract, or agreement need not be set forth in such writing, but may be proved," the bond under examination, considered by itself, would be void as being an agreement partly in writing and partly in parol. *Gordon* v. *Gordon*, 96 Ind. 134, and cases cited; *Higham* v. *Harris*, ante, p. 246; *Hiatt* v. *Hiatt*, 28 Ind. 53; *Wilson Sewing Machine Co.* v. *Schnell*, 20 Minn. 40; *Simons* v. *Steele*, 36 N. H. 73; *Jones* v. *Post*, 6 Cal. 102.

That the necessity for setting forth the consideration in the writing is thus dispensed with, does not, however, avoid the necessity of proving the consideration upon which a contract of guaranty or suretyship was made, much less does the statute, or any rule of law, deprive a surety or guarantor of the right to aver and prove such consideration, or that it was made without any consideration. "There must be a sufficient consideration for a promise to pay the debt of another as well as for any other promise, otherwise it will not be binding though reduced into writing. A guaranty must have a consideration to support it. If it is made at the time of the contract to which it relates so as to constitute a part of the consideration of the contract, it is sufficient." Wood Statute of Frauds, section 102. Brandt Suretyship, etc, sections 6, 72 and 73; *Langford* v. *Freeman*, 60 Ind. 46; *Bridges* v. *Blake*, 106 Ind. 332.

Whatever we might have felt constrained to hold in respect to the failure of the appellant to aver and prove, that

the bond was executed upon an adequate consideration, we can have no doubt that it was competent for the defendants below to aver and prove the original transaction and agreement between the Singer Manufacturing Company and William H. Forsyth. That agreement furnished the sole consideration upon which the collateral engagement of the appellants was entered into. Parol proof of this was admissible upon two grounds: *First.* Because the bond sued on, failing to state any consideration, was incomplete on its face. *Second.* The irresistible implication arising upon the face of the bond indicated that it was collateral to some other contract, which must be ascertained in order to determine the subject-matter to which it should be applied, and the consideration upon which it was made.

The bond and the contract of agency, having been executed contemporaneously, are to be read together. They are necessarily related to, and, so far as respects the bond, dependent upon each other.

The extent of the engagement of the guarantors is to be measured by the terms of the contract which they signed, considered in reference to the nature of the transaction under contemplation at the time, and the agreement entered into, by their principal, for the due execution of which they agreed to answer. *Weed Sewing Machine Co.* v. *Winchel,* 107 Ind. 260, and cases cited; *Burns* v. *Singer M'f'g Co.,* 87 Ind. 541; *Grocers' Bank* v. *Kingman,* 16 Gray, 473.

The several liabilities which they engaged that their principal should " well and truly pay," must be confined to such liabilities as might arise under the contract which was executed concurrently with the bond, and without which the bond would in itself be meaningless, and unsupported by any consideration whatever.

This in no wise contradicts or varies the terms of the bond, but applies it to a subject-matter, and makes it intelligible, which otherwise it would not be.

It results that when the appellant terminated its contract

of agency with William H. Forsyth, and, instead of receiving back its unsold property, made an absolute sale of machines to him, taking his notes therefor, it engaged in a transaction which was in no manner contemplated by, nor embraced within, the contract, the performance of which the bond was given to secure. Such a transaction was as much outside of the purview and consideration of the contract guaranteed, as if the company had sold land or loaned money to its agent. The bondsmen never engaged to answer for such a transaction.

The appellants rely on *Singer M'f'g Co.* v. *Hester*, 2 McCrary, 417, and *Domestic Sewing Machine Co.* v. *Webster*, 47 Iowa, 357. These cases are to some extent distinguishable in their facts from the case before us. To the extent that they hold that the bond, and the contract of agency executed concurrently therewith, have no relation to, or dependence upon, each other, and are not to be construed together, we are constrained to the view that they are not in accord with the adjudications of this court, nor are they, in our opinion, in harmony with the weight of authority on that subject. This will appear from an examination of the authorities already cited.

There was competent evidence to sustain the finding. The judgment is affirmed, with costs.

