**Marshall DAVIS, Sr., Plaintiff-Appellant,**

v.

**B. C. L. ENTERPRISES, INC., Robert R. Cover and C. Lawrence Lewis, Defendants-Appellees.**

**No. 1–280A40.**

Court of Appeals of Indiana, First District.

July 9, 1980.

Rehearing Denied Aug. 13, 1980.

E. Edward Dunsmore, Knightstown, James R. White, New Castle, for plaintiff-appellant.

George J. Lewis, Ronald R. Pritzke, Lineback & Lewis, P. C., Greenfield, for defendants-appellees.

ROBERTSON, Presiding Judge.

Marshall Davis, Sr. (Davis) appeals the decision of the trial court in a case tried to the court, which awarded Davis a recovery of $50,000 from B.C.L. Enterprises, Inc., but denied any recovery from the individual defendants, Robert R. Cover (Cover) and C. Lawrence Lewis (Lewis). We affirm.

Davis was the assignee of a lease originally executed between B.C.L. and Thomas and Kathryn Cashdollar. The lease, which was for fifteen years, was entered into on July 25, 1969, and signed by Lewis and Cover as agents for B.C.L. Cashdollar testified that a guaranty was attached to the lease when it was sent to Cover and Lewis. Lewis testified, however, that a guaranty was not attached when he signed the lease in July, 1969, and further, that he would not have signed it because of the limited liability aspect afforded to the corporation. Cashdollar testified that when he realized the guaranty was not signed, he took it personally to Lewis and Cover and had them sign it. Lewis testified that the guaranty was signed because Cashdollar needed it to complete financing arranged through the building and loan. There was no date affixed to the guaranty, but it appears it was not signed until December 1, 1969. The restaurant, which was the subject of the lease, began business around November 1, 1969.

Cashdollar assigned the lease to Davis in 1973, who received rents until August, 1974, when the building was abandoned by B.C.L. A complaint was filed by Davis on November 18, 1974, and judgment was entered on August 20, 1979.

The sole issue preserved for appeal is whether the trial court erred as a matter of law when it failed to render a judgment against Lewis and Cover as guarantors of the lease.

We note initially, that on appeal from a trial before the court without a jury, it is well recognized that an appellate court will not disturb the judgment of the trial court unless that judgment is clearly erroneous. *Tarrant v. Self* (1979), Ind.App., 387 N.E.2d 1349.

Davis contends that Cover and Lewis are liable as individual guarantors because the guaranty was direct and certain and both Lewis and Cover knew what they were signing and what it meant. *See* 14 I.L.E. *Guaranty* § 4. Further, Davis alleges that no consideration was necessary as the guaranty and contract for lease should be read together as being part of the same consideration. We cannot agree.

A guaranty must have consideration to support it. If the guaranty is made at the time of the contract to which it relates, so as to constitute a part of the consideration of the contract, it is sufficient. *Singer Manufacturing Co. v. Forsyth* (1886), 108 Ind. 334, 9 N.E. 372. "A guaranty is an independent contract, by which the guarantor undertakes in writing, *upon a sufficient consideration*, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person, who is primarily liable to pay or perform." *Indianapolis Morris Plan Corp. v. Sparks* (1961), 132 Ind.App. 145, 151, 172 N.E.2d 899, 902 (citations omitted, emphasis added).

Our task, then, is to determine whether new consideration was required or whether the past consideration was sufficient. In this case, wherein the guaranty was not signed until four months after the signing of the lease, and one month after the restaurant began operation, new consideration was necessary in order to support the guaranty.

Where a guaranty is executed subsequently to the principal contract, in order

**1206**

for the guaranty to be regarded as being made at the same time so as to constitute a part of the same transaction and be supported by the same consideration it must generally be shown that:

(1) The guaranty was executed pursuant to an understanding had before and was an inducement to the execution of the principal contract; or

(2) The guaranty was delivered before any obligation or liability was incurred under the principal contract; or

(3) The guaranty was made pursuant to a contract provision; or

(4) The principal contract does not become operative until the execution of a guaranty; or

(5) The guaranty expressly refers to a previous agreement between the principal debtor and creditor which is executory in its character and embraces prospective dealings between the parties.

See 38 C.J.S. *Guaranty* § 26.

Professor Corbin has noted that a third person's pre-existing debt is not sufficient past consideration to support a defendant's promise to pay and also that for the promise of any surety made subsequent to the advancement of any money to the principal, there must be new consideration. A. Corbin, Corbin on Contracts § 213 (One Volume Ed., 1952).

■ Applying these concepts to the present case, we cannot say the judgment of the trial court was clearly erroneous. There was disputed testimony as to whether the guaranty was attached to the lease when it was first sent to Cover and Lewis; nothing in the lease itself talks about a guaranty; Cashdollar promised nothing to B.C.L. in exchange for Cover and Lewis signing the guaranty; and, there appears to be no prior agreement as to a guaranty before the contract was signed. Cashdollar testified that he would not have entered the transaction without a guaranty, and Lewis testified he would not have signed the lease with a guaranty clause. Consequently, in order to enforce the guaranty there must have been new consideration, and absent any consideration, the guaranty was merely a naked promise to pay an existing debt for another without any legal significance. See 38 C.J.S. *Guaranty* § 23.

Davis also alleges certain technical distinctions between "want of consideration" and "failure of consideration." After reviewing the record, we perceive any technical distinctions to be removed by the evidence presented before the trial court and the failure to object to its admission. Ind. Rules of Procedure, Trial Rule 15(B).

■ Lastly, Davis contends that since Cover and Lewis signed the guaranty, they should be estopped to deny that they received no consideration. Any error on this issue is waived by Davis's failure to present the argument in his motion to correct errors. Ind. Rules Procedure, Appellate Rule 8.3(A)(7).

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.