Mary G. REEDER, Defendant-Appellant,

v.

Guy N. RAMSEY and Laverne T. Ramsey, Plaintiffs-Appellees.

No. 1–383A68.

Court of Appeals of Indiana, First District.

Jan. 17, 1984.

David V. Miller, James P. Casey, Bowers, Harrison, Kent & Miller, Evansville, for defendant-appellant.

Mark R. Ramsey, Tell City, for plaintiffs-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Mary Reeder appeals from the Warrick Circuit Court's grant of summary judgment in favor of appellees Guy and Laverne Ramsey. We affirm.

## FACTS

■ Jack Reeder and Dennis Bays leased certain property from Guy and Laverne Ramsey in order to house a business known as Donut-Chef, Incorporated. Ramseys also required Mary Reeder and Judith Bays, wives of the proprietors, to execute the lease agreement. It is undisputed that the wives had no business connection with the corporation. The Bayses were subsequently released from the agreement and Jack Reeder continued to run the business until his death on April 4, 1979. Thereafter, pursuant to a consent to assignment of lease and the actual assignment thereof, both executed on October 10, 1979, a new tenant was substituted under the lease to take-over the doughnut business. The agreements provided that Mary Reeder should remain liable for the rents due and owing from the time of her husband's death until the assignment of the lease. When such monies were not forthcoming, Ramseys brought an action to collect the rents. Both parties moved for summary judgment, appellant claiming that as a surety she was discharged when the Bayses were released without her knowledge, and appellees contending that Reeder had reaffirmed her obligations under the lease. The lower court granted summary judgment in favor of Ramseys and it is from that judgment that Reeder now appeals.[1]

## ISSUE

Reeder presents three issues on appeal. Combined and rephrased, the issue is as follows:

Did the lower court err in granting summary judgment upon its conclusion that Reeder consented to the release of the Bayses and was thereby estopped to assert the defense of discharge?

## DISCUSSION AND DECISION

The trial court did not err in granting summary judgment.

■ As we have previously noted:

"Summary judgment is a procedure for applying the law to facts when no factual controversy exists. *Poxon v. General Motors Acceptance Corp.,* (1980) Ind. App., 407 N.E.2d 1181, 1183. The trial court should grant summary judgment only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that the moving party is entitled to judgment as a matter of law.' Indiana Rules of Civil

---

1. We note, for the benefit of counsel, certain shortcomings in the bringing of this appeal. Appellant, in assembling the record, has neglected to include any marginal notes as required by Indiana Rules of Civil Procedure, Appellate Rule 7.2(A)(3)(a). We also note that the briefs of both parties are utterly devoid of any reference to the record as required by Appellate Rule 8.3(A)(5). While we proceed to decide the issue on the merits, we caution counsel that, in the future, we will not countenance such loose regard for the rules of appellate procedure.

Procedure, Trial Rule 56(C). *See also Moll v. South Central Solar Systems, Inc.*, (1981) Ind.App., 419 N.E.2d 154, 159; *Campbell v. Eli Lilly & Co.*, (1980) Ind.App., 413 N.E.2d 1054, 1057, *trans. denied* (1981); *Kendrick Memorial Hospital, Inc. v. Totten*, (1980) Ind.App., 408 N.E.2d 130, 131. On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger*, (1982) Ind.App., 433 N.E.2d 39, 42, *trans. denied; Richardson v. Citizens Gas & Coke Utility*, (1981) Ind. App., 422 N.E.2d 704, 710. We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Campbell; Smith v. P. & B. Corp.*, (1979) 179 Ind. App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst*, (1982) Ind.App., 431 N.E.2d 161, 165, *trans. denied; English Coal Co. [,Inc.] v. Durcholz*, (1981) Ind.App., 422 N.E.2d 302, 303, *trans. denied; Campbell.*"

*Barnes v. Wilson*, (1983) Ind.App., 450 N.E.2d 1030, 1032. Summary judgment may not serve as a substitute for trial where factual disputes remain. *Moll; Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind.App. 244, 255, 311 N.E.2d 640, 648. Even where no factual dispute exists, however, summary judgment is inappropriate where the undisputed facts give rise to conflicting inferences which could alter the outcome, *Moll; Clayton v. Penn Central Transportation Co.*, (1978) 176 Ind.App. 544, 546, 376 N.E.2d 524, 525, or where the facts disclose a good faith dispute as to the inferences to be drawn from those facts. *Lenard v. Adams*, (1981) Ind.App., 425 N.E.2d 211, 213; *Moll.* Only where there is no dispute as to the material facts or the inferences to be drawn therefrom, and the moving party is entitled to summary judgment as a matter of law, may the court grant such a motion.

In the instant case, Reeder raises a number of loosely-related issues challenging the court's grant of summary judgment. Chief among these, however, is her contention that the release of the Bayses resulted in the discharge of her liability under the lease. Because we conclude that Reeder remained liable on the debt, we decline to reverse the grant of summary judgment.

 Appellant correctly notes the general rule that, as a surety, she would be discharged from her obligation by a material alteration or change in or departure from the principal obligation without her knowledge or consent. *First Federal Savings & Loan Association of Gary v. Arena*, (1980) Ind.App., 406 N.E.2d 1279, 1284; *Orange-Co., Inc. v. Brown*, (1979) Ind. App., 393 N.E.2d 192, 197, *trans. denied; American States Insurance Co. v. Floyd I. Staub, Inc.*, (1977) 175 Ind.App. 244, 255, 370 N.E.2d 989, 996, *trans. denied* (1978). *See McKee v. Harwood Automotive Co.*, (1928) Ind.App., 162 N.E. 62, 63, *aff'd*, 204 Ind. 233, 183 N.E. 646 (1932) (release of one joint obligor is release of all sureties). It is undisputed that Reeder signed the lease merely as a surety. The lower court expressly found "[t]hat Plaintiffs' release of the Bays[es] was a material alteration of the principal obligations under the lease." Record at 37. Reeder argues that, based on the foregoing, the lower court erred in granting summary judgment against her. However, Reeder has overlooked the acknowledged (if not expressly stated) proposition that in order to utilize the defense, the discharge must first be asserted. It is well accepted, therefore, that the surety may consent to the material alteration, *First Federal*, 406 N.E.2d at 1283, even if the consent follows the alteration, *White v. Household Finance Corp.*, (1973) 158 Ind. App. 394, 401, 302 N.E.2d 828, 833; 74 Am.Jur.2d *Suretyship* § 48 (1974), or may waive, or be estopped from asserting, the defense of discharge. *United States Fidelity & Guaranty Co. v. Elliott*, (1919) 70 Ind.App. 130, 137, 123 N.E. 178, 180. The obligation continues to exist until the surety asserts the discharge. We find support for this conclusion in *Matchett v. Winona*

*Assembly & Summer School Association,* (1916) 185 Ind. 128, 113 N.E. 1. There our supreme court noted that where the surety acquiesces in the material alteration "he will *remain* liable therefor." *Id.* at 138, 113 N.E. at 4 (Emphasis supplied). The release of the Bayses did not conclusively give rise to a discharge, therefore, but rather, merely provided Reeder with the opportunity to assert the defense in response to an action for rent owed. Accordingly, we conclude that Reeder's obligation continued from the time of Bayses' release and would be terminated only by the affirmative assertion of the defense of discharge.

Reeder first affirmatively asserted the discharge on July 8, 1980, in her answer to Ramseys' complaint. Prior to her assertion of discharge, however, Reeder executed a consent to assignment of lease and an actual assignment thereof on October 10, 1979, in order to escape any future liability on the lease. The lower court concluded that Reeder had consented to the release of the Bayses by her prior execution of the documents and was, thereby, precluded from asserting the defense of discharge. Appellant now argues that there exists a material issue of fact as to "whether the language of the assignment . . . operated as a consent to the release of the Bays[es] . . . ." Appellant's Brief at 11.

Whether or not the language of the consent and assignment acted as a consent to the release of the Bayses is a matter to be determined from the contracts. Appellant asserts that the court must construe and interpret the contracts in order to determine whether the language thereof is such as to constitute a consent to the release of the Bayses. It is well settled that absent any ambiguity the court will not construe a contract. *Indiana Industries, Inc. v. Wedge Products, Inc.,* (1982) Ind.App., 430 N.E.2d 419, 423, *trans. denied; Tastee-Freez Leasing Corp. v. Milwid,* (1977) 173 Ind.App. 675, 677–78, 365 N.E.2d 1388, 1390, *trans. denied* (1978) (court will not construe contract where meaning is clear from examination of docu-

ment). Rather, where the terms of the contract are plain and clear on the face of the document, such terms are conclusive as to the meaning of the contract and the court will apply the contract's provisions according to the plain language of the document. *Young v. Van Zandt,* (1983) Ind. App., 449 N.E.2d 300, 307. In the instant case, both the consent and assignment referred to the Bayses as "RELEASED LESSEES," record at 76, 81, and both were signed by Dennis and Judith Bays in a like manner. The consent agreement stated, in part:

> "The consent of the LESSORS herein shall not be construed in any way to release the LESSEES, from any liability from those sums which are due to the LESSORS under the terms of the subject Lease Agreement which has accrued prior to the date of this Agreement and all parties hereto acknowledge that this consent to assignment is made by LESSORS with the intention of expressly reserving all rights which the LESSORS presently have to delinquent sums which are due under said Lease from the LESSEES."

Record at 77–78. The assignment stated, in part:

> "The RELEASED ASSIGNORS hav[e] previously been released from any obligation under said Lease Agreement. . . .
>
> . . . .
>
> All the parties hereto mutually acknowledge that there is certain past due rental which has accrued prior to the date of execution hereof which rental is the responsibility of the ASSIGNORS . . . . All of the parties hereto acknowledge that the liability for any past due rental . . . shall be the sole responsibility of the ASSIGNORS."

Record at 81–82. From the plain language of the documents, it is beyond question that the consent and assignment constituted a consent to the release of the Bayses as a matter of law. The lower court did not err in so concluding.

Reeder also argues that in construing the contracts the rule of *strictissimi juris* must be applied. That rule requires

a strict construction, and resolution of all doubts, in favor of a private, non-compensated surety. *United States Fidelity & Guaranty Co. v. Poetker,* (1913) 180 Ind. 255, 263, 102 N.E. 372, 374. *Accord Matchett,* 185 Ind. at 135, 113 N.E. at 3. However, the rule applies to contracts of suretyship. *Accord Poetker,* 180 Ind. at 263, 102 N.E. at 374. Even assuming, for purposes of argument, that the consent and assignment could be interpreted as a contract of suretyship—an argument not expressly raised by appellant—appellant's argument is of no avail because the rule is only applied in construing the contracts. We have already concluded that there is no need to construe the unambiguous language of the documents. Accordingly, the rule has no application in the instant case.

Finally, Reeder contends that, in order to reaffirm her liability, she must be shown to have made an express promise to pay the debt. Since we have already concluded that Reeder's obligation never expired prior to her consent, we need not address the issue of reaffirmation. The same can be said of appellant's contention that there exists a disputed issue of fact as to whether she reaffirmed her obligations under the lease.

Finding no reversible error, even in light of our standard on review of summary judgments, we accordingly affirm the judgment of the lower court.

NEAL, P.J., and ROBERTSON, J., concur.