Bobby GONZALES, Appellant-Plaintiff,

v.

KIL NAM CHUN d/b/a Chun's Construction Company, Appellee-Defendant.

No. 4–483 A 131.

Court of Appeals of Indiana, Fourth District.

June 11, 1984.

Ordered Published June 28, 1984.

Robert L. Simpkins, Evansville, for appellant-plaintiff.

Stephen Hensleigh Thomas, Clark, Statham, McCray, Thomas & Krohn, Evansville, for appellee-defendant.

CONOVER, Presiding Judge.

This appeal of plaintiff-appellant Bobby Gonzales (Gonzales) from the trial court's grant of partial summary judgment in favor of appellee Kil Nam Chun d/b/a Chun's Construction (Chun) comes to us on remand from the Supreme Court of Indiana.[1]

We affirm.

---

1. The Court of Appeals originally dismissed Gonzales's appeal, citing his failure to file a

ISSUES

Do genuine issues of material fact exist as to whether:

(1) Gonzales is a third party beneficiary of the contract between Benge and Chun?

(2) Gonzales may recover for breach of implied warranty of fitness?

FACTS

Gonzales and his employer, James Benge (Benge) were injured when scaffolding upon which they were standing painting house trim collapsed. Chun owned the scaffolding. He had purchased it in 1965. Benge was a former employee of Chun's and Chun permitted Benge to use the scaffolding for various jobs.

Gonzales sued Chun for breach of contract and implied warranty of fitness. The Vanderburgh Superior Court granted Chun partial summary judgment finding (a) Gonzales was not a third party beneficiary to the contract between Benge and Chun and (b) no implied warranty of fitness arose since no sale occurred.[2]

DISCUSSION AND DECISION

*I. Action Under Contract*

■ When reviewing a grant of summary judgment, we determine whether any genuine issue of material fact exists and whether the law was correctly applied. We accept as true all facts set forth by the non-moving party, and resolve all doubts against the movant. *Reeder v. Ramsey,* (1984) Ind.App., 458 N.E.2d 682, 684, quoting *Barnes v. Wilson,* (1983) Ind.App., 450 N.E.2d 1030, 1032. We affirm if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits and testimony show no dispute of material facts or inferences drawn therefrom and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56; *see also, Reeder, supra,* 458 N.E.2d at 684. We also affirm where the trial court's grant of summary judgment is sustainable on any theory or basis found in the record. *Havert v. Caldwell,* (1983) Ind., 452 N.E.2d 154, 157.

Gonzales contends the trial court's entry of summary judgment was erroneous. He says he was either a third party beneficiary of the Benge-Chun contract, or a party in privity and entitled to recover because Benge breached the contract by supplying defective scaffolding. We disagree.

*A. Third Party Beneficiary*

■ Generally, only a party to a contract or those in privity with him have rights under the contract. *See Evansville and S.I. Traction Co. v. Evansville Belt Railway Co.,* (1909) 44 Ind.App. 155, 162, 87 N.E. 21, 23–24. One not a party to the contract may directly enforce the contract as a third party beneficiary only if the contracting parties clearly intended to directly benefit him by imposing a duty in his favor. *Wilson v. Palmer,* (1983) Ind.App., 452 N.E.2d 426, 429; *Mogensen v. Martz,* (1982) Ind.App., 441 N.E.2d 34, 35; *Fiat Distributors, Inc. v. Hidbrader,* (1978) 178 Ind.App. 200, 203, 381 N.E.2d 1069, 1071; *Blackhard v. Monarch's Manufacturers and Distributors,* (1960) 131 Ind.App. 514, 521, 169 N.E.2d 735, 739; *Jackman Cigar Manufacturing Co. v. John Berger & Son Co.,* (1944) 114 Ind.App. 437, 445, 52 N.E.2d 363, 367. The intent to benefit the third party is controlling and can be shown by specifically naming the third party or by other evidence. *Loper v. Standard Oil Co.,* (1965) 138 Ind.App. 84, 90, 211 N.E.2d 797, 801; *Jackman Cigar, supra,* 114 Ind. App. at 445, 52 N.E.2d at 367. *See also, Hixon v. Sherwin-Williams Co.,* (7th Cir. 1982) 671 F.2d 1005, 1010.

■ There is no evidence or reasonable inference the parties intended to directly benefit Gonzales by imposing a duty on Chun in Gonzales's favor. Benge and Chun made no reference to Gonzales in

timely pre-appeal statement and to include information required under Appellate Rule 2(C).

**2.** Gonzales subsequently filed additional counts in negligence and strict liability which are pending in the Vanderburgh Superior Court. Gonzales has also received workman's compensation benefits.

their oral agreement regarding the scaffolding. Benge in fact never mentioned to Chun Gonzales would be working with him. Any benefit Gonzales derived from the agreement was at best incidental in the form of earned wages. Thus, the contracting parties did not intend Gonzales to be a third party beneficiary under the agreement.

### B. Privity of Contract

■ Gonzales next argues the employment relationship between him and Benge established privity for Gonzales to sue for breach of the Benge-Chun contract. We disagree.

Gonzales correctly asserts an agent acting within the scope of authority may contract with a third party and bind his principal. *See, Stuteville v. Downing*, (1979) 181 Ind.App. 197, 391 N.E.2d 629, 631. But, in this case, Benge as principal executed the agreement in which Gonzales took no part. Thus, agency principles may not be used to determine whether Gonzales was in privity. Further, we find no other evidence in the record indicating he was privy to the contract.

Gonzales in the alternative argues privity should not be required to recover on the contract, citing *Cintrone v. Hertz Truck Leasing and Rental Services*, (1965) 45 N.J. 434, 212 A.2d 769.

In *Cintrone*, Hertz leased a truck to Cintrone's employer, Contract Packers, Inc. Cintrone sued Hertz for injuries sustained allegedly due to a rented truck's brake failure. The Supreme Court of New Jersey held privity of contract between Cintrone and Hertz was not required since Hertz knew at the time the lease was executed employees of contract Packers would be using the trucks. However, the court further noted absence of privity was immaterial if the cause of action was brought under strict liability in tort:

> Moreover, as we have said, when a U-drive-it company, by a lease arrangement such as in this case, makes trucks available for rental knowing they will be dangerous to users and members of the public, if defective, a representation exists that they are fit for such use. If a mishap occurs while they are being operated by the lessee or his employees which constitutes a breach of that representation, the lessor is subjected to strict liability in tort for resultant injuries to such employees. In the framework of such a right of action, absence of privity of contract between the injured person and Hertz is immaterial.

45 N.J. at 457, 212 A.2d at 781. In the first instance, *Cintrone* is inapplicable here. Chun did not know Gonzales would also use the scaffolding. Further, *Cintrone* does not persuade us we should abolish Indiana's privity requirement in such cases. We decline Gonzales's invitation to do so.

### II. Breach of Implied Warranty

Gonzales contends Chun breached the implied warranty of fitness arising from the contract. He argues privity is not required for him to recover for a contractual breach of implied warranty, citing *Dagley v. Armstrong Rubber Company*, (7th Cir.1965) 344 F.2d 245. We disagree.

■ *Dagley* distinguished breach of warranty actions based on contract from those based on strict liability in tort, saying

> [A] new concept of warranty [has developed]. The traditional concept of warranty is that the seller of a product expressly and impliedly warrants certain things concerning the product to the buyer. This warranty is a part of the contract between seller and buyer and thus has its basis in contract law, ... This traditional concept is not being superseded by the new concept and still requires privity of contract to be enforced.
>
> The new concept of warranty bases liability on strict liability in tort. This warranty "is a very different kind of warranty from those usually found in the sale of goods, and * * * it is not subject to the various contract rules which have grown up to surround such sales."

*Dagley, supra*, 344 F.2d at 253. Although no longer required in warranty actions

based on tort, privity is still essential in contract actions. *Lane v. Barringer,* (1980) Ind.App., 407 N.E.2d 1173, 1175; *see also, Neofes v. Robertshaw Controls Co.,* (S.D.Ind.1976) 409 F.Supp. 1376, 1379. Gonzales has based his warranty action on contract law. We have found no contractual relationship existed between him and Chun.

Judgment affirmed.

MILLER and YOUNG, JJ., concur.