**Edward C. RUSSELL, Appellant,**

v.

**POSEY COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee.**

**No. 1-584A132.**

Court of Appeals of Indiana, First District.

Dec. 19, 1984.

Rehearing Denied Jan. 23, 1985.

Marc E. Hawley, Hawley, Hudson & Almon, Mount Vernon, for appellant.

David O. Givens, Allyn, Givens & Bender, Mount Vernon, for appellee.

ROBERTSON, Judge.

The appellant Edward C. Russell is appealing a trial court decision in favor of the appellee Posey County Department of Public Welfare (DPW). The decision held that the DPW had a valid claim against the estate of Goldie Russell, deceased.

The facts show that Goldie Russell was the mother of four sons, and that she entered into a real estate sales contract to sell her house to son Edward. That contract was also signed by the other three sons and their wives. The contract provided that in the event Goldie Russell died before the full purchase price had been paid, the balance of the purchase price would be paid to the four sons with Edward taking credit for his one-fourth of the unpaid balance. About three years after the contract was entered into, Edward was appointed guardian of Goldie Russell. Subsequent events made it necessary for Edward to apply to the DPW for medical assistance in behalf of Goldie. Assistance was given, Goldie Russell died, and the DPW made a claim against her estate for reimbursement of the medical assistance. After a trial to the court, judgment was rendered in favor of the DPW in the sum equal to the unpaid balance of the real estate contract. This appeal follows with Edward Russell stating the issue as: Whether the trial court made an error of law in holding that the unpaid balance under a real estate sales contract is an asset of the Seller Decedent's estate, even though the amount due is not payable to the Seller, but rather to third-party beneficiaries and to the credit of the Buyer.

Russell argues that the contract selling the real estate to Edward Russell serves the purpose of making Goldie Russell's other three sons third-party beneficiaries of that contract. In reliance of the proposition, Russell points out that clause of the contract which reads:

"It is understood and agreed by and between Charles Russell, Elwood Russell, George Russell, and Edward Russell that in the event Goldie Russell shall die before the full purchase price has been

paid, then the balance of the purchase price thereon shall be paid to the four heirs of Goldie Russell hereinabove named without any further interest, and only that interest which has accrued up to the date of death of Goldie Russell. It is the intent of this instrument that Edward Russell shall be entitled to one-fourth (¼) the balance of the purchase price to be paid and that he shall take credit for such one-fourth (¼) of the balance."

Citing *Gonzales v. Kil Nam Chun*, (1984) Ind.App., 465 N.E.2d 727, Russell argues that an intent expressed in a contract to benefit a third party is controlling and can be shown by specifically naming the third party or by other evidence. Russell continues by arguing that once third-party beneficiaries accept the contract all are bound thereby and cannot revoke or modify to the detriment of the third party. *In re the Estate of Fanning*, (1975) 263 Ind. 414, 333 N.E.2d 80. While these propositions are true in the abstract, we agree with the trial judge's ruling that the role of the three brothers does not rise to that of a third-party beneficiary to the real estate sales contract entered into between Goldie Russell and Edward Russell. The tenor of the entire instrument as well as testimony at trial is such that the trial judge was warranted in finding that the agreement was solely between Goldie and Edward with the role of the three brothers limited to one of being informed, about, and agree with the sale of the mother's real property to their brother.

In conclusion, it should be mentioned that Russell relies heavily upon IND.CODE 32–4–1.5–14(a)(1) to support his theory that the sales contract was never a part of the estate. As pertinent to this case the statute reads:

"Provisions of written instrument effective as a contract, gift, conveyance or trust deemed non-testamentary.—(a) Any of the following provisions in

\* \* \* \* \* \*

[a] conveyance or any other written instrument effective as a contract, gift, conveyance, or trust is deemed to be non-testamentary, and this title and title 29 [the probate code] do not invalidate the instrument or any provision:

(1) That money or other benefits theretofore due to, controlled or owned by a decedent shall be paid after his death to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently;

\* \* \* \* \* \*

(b) Nothing in this section limits the rights of creditors under other laws of this state."

The DPW's status as a creditor is without doubt, therefore, we are of the opinion that this statute does not apply to the facts of the case.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.