**MERCHANTS NATIONAL BANK AND TRUST COMPANY OF INDIANAPOLIS, Plaintiff-Appellant,**

v.

**Gregory LEWARK and Nancy Lewark, Defendants-Appellees.**

**No. 48A02–8606–CV–217.**

Court of Appeals of Indiana, Third District.

Jan. 26, 1987.
Rehearing Denied Mar. 25, 1987.

James G. Lauck, Douglas R. Brown, Kroger, Gardis & Regas, Indianapolis, for plaintiff-appellant.

Paul D. Gresk, Lawrence, Carter, Gresk, Leerkamp & Walsh, Indianapolis, for defendants-appellees.

HOFFMAN, Judge.

Plaintiff-appellant Merchants National Bank and Trust Company of Indianapolis

appeals from a judgment in favor of defendants-appellees Gregory and Nancy Lewark.

The trial court granted the Lewarks' motion for involuntary dismissal of Merchants' complaint pursuant to Ind. Rules of Procedure, Trial Rule 41(B). The trial court found that the April 16, 1982 mortgage agreement entered into between Merchants and the Lewarks had been materially altered by a December 1, 1983 loan agreement between Merchants and Athletic Annex and thus the mortgage and guaranty given by the Lewarks was discharged. The trial court further found that there was no evidence that the continuing warranty allegedly executed by the Lewarks on December 8, 1983 was supported by consideration and that Merchants failed at trial to tie the Lewarks' mortgage and guaranty to the December 1983 note. The trial court thus concluded that there was no substantial evidence of probative value to sustain Merchants' complaint to foreclose the mortgage and ordered judgment for the Lewarks.

Merchants presents three issues, as restated, for review:

(1) the trial court erred because according to the express provisions of the April 1982 mortgage, the security interest in the Lewark home created by the mortgage was unaffected by the December 1983 renewal of the Athletic Annex debt;

(2) the trial court erred in concluding that there was no evidence that showed that the continuing guaranty signed December 8, 1983 by the Lewarks was supported by consideration; and

(3) the trial court erred in refusing to admit plaintiff's Exhibit No. 7, an undated guaranty, into evidence.

■ Merchants first contends that the trial court erred in determining that the December 1, 1983 renewal of the Athletic Annex debt materially altered the April 16, 1982 mortgage agreement between Merchants and the Lewarks and thus released the Lewark home as security. As a general rule, sureties are discharged from their obligation by a material alteration or change in the principal obligation without their knowledge or consent. *Reeder v. Ramsey* (1984), Ind.App., 458 N.E.2d 682, 684.

The trial court's Finding of Fact No. 10 stated that:

"There is no evidence to show that Gregory and Nancy Lewark were parties to the December 1, 1983 agreement between Merchants and Athletic Annex. Said agreement was a material alteration of the underlying obligation."

A trial court's finding of fact will not be disturbed on appeal unless it is unsupported by the evidence. *Kozuch v. Cra-Mar Video Center, Inc.* (1985), Ind.App., 478 N.E.2d 110, 113. Merchants contends that by the following provision of the April 16, 1982 mortgage, Gregory and Nancy Lewark consented to the material alteration made by the December 1, 1983 agreement:

"The Mortgagee at its option may accept a renewal note, or notes, at any time for any portion of the indebtedness hereby secured and may extend the time for the payment of any part of said indebtedness without affecting the security of this mortgage in any manner."

■ The trial court was correct in determining that "the failure of Merchants at trial to tie the Lewarks' mortgage and guaranty to the December 1, 1983 note and contract discharges the Lewarks' real estate as security for the note." While it is true that the above provision of the April 16, 1982 mortgage contemplated future renewals such as the December 1, 1983 agreement, no evidence was presented at trial that the Lewarks had knowledge of, or were parties to, the December 1, 1983 renewal. The trial court's decision was consistent with the rationale behind the rule in *Reeder, supra;* sureties should be released from their prior obligation when the terms of that obligation have been altered without notice to, or consent from, the sureties themselves.

■ Merchants argues that this Court in *Goeke v. Merchants Nat. Bank and Trust Co.* (1984), Ind.App., 467 N.E.2d 760 found that a similar consent to renewals prevented the guarantor from being released by later alterations of the agreement. *Goeke* is distinguishable on its face in that the court there found that the change in the obligation was not a material one. 467 N.E.2d at 766. In this case, the trial court specifically found that the December 1, 1983 renewal was a material alteration of the underlying obligation. Because the alteration was a material one, the guarantor must have known and consented to the alteration in order to have the obligation continue. *Reeder, supra*, 458 N.E.2d at 684.

Merchants next contends that the trial court erred in concluding that there was no evidence introduced that showed that the continuing guaranties signed December 8, 1983 by Gregory and Nancy Lewark were supported by consideration. The trial court applied the rule found in *The Singer Manufacturing Company v. Forsyth, et al.* (1886), 108 Ind. 334, 9 N.E. 372, which requires that a guaranty be supported by consideration.

■ Merchants argues that Ind. Rules of Procedure, Trial Rule 8(C) lists "failure of consideration" as an affirmative defense, and thus the Lewarks should have had the burden at trial to show any failure of consideration for the December 8, 1983 continuing guaranties. However, in this case Merchants was proceeding on the theory that the December 1, 1983 loan/promissory agreement was the consideration for the December 8, 1983 continuing guaranties. This Court in *Davis v. B.C.L. Enterprises, Inc.* (1980), Ind.App., 406 N.E.2d 1204, at 1205–1206, articulated specific guidelines for such a situation:

"Where a guaranty is executed subsequent to the principal contract, in order for the guaranty to be regarded as being made at the same time so as to constitute a part of the same transaction and be supported by the same consideration it must generally be shown that:

(1) The guaranty was executed pursuant to an understanding had before and was an inducement to the execution of the principal contract; or

(2) The guaranty was delivered before any obligation or liability was incurred under the principal contract; or

(3) The guaranty was made pursuant to a contract provision; or

(4) The principal contract does not become operative until the execution of a guaranty; or

(5) The guaranty expressly refers to a previous agreement between the principal debtor and creditor which is executory in its character and embraces prospective dealings between the parties. *See* 38 C.J.S. Guaranty § 26."

The trial court was correct in requiring Merchants to show the presence of one of these five factors and thus prove the existence of consideration for the continuing guaranties.

Merchants further argues that the evidence presented at trial did show No. 1 above: that the guaranties were executed pursuant to an understanding had before and were an inducement to the execution of the principal contract. In support of this argument, Merchants cites the following language from the December 1, 1983 loan agreement:

"The loans hereunder shall be guaranteed by the unlimited guaranties of ... Gregory Lewark ... [and] Nancy M. Lewark...."

■ The trial court correctly determined that the above reference to some unspecified "unlimited guaranties" was too vague and did not adequately tie together the December 1, 1983 loan agreement to the December 8, 1983 continuing guaranty for the former to be regarded as consideration for the latter. The trial court's decision that Merchants did not show that the guaranty was executed pursuant to the December 1, 1983 loan agreement was further supported by the fact that the December 8, 1983 continuing guaranty contained no ref-

erence to the prior loan agreement. These documents were prepared by Merchants. Any ambiguities in a contract are to be strictly construed against the party who employed the language and who prepared the contract. *Rieth-Riley Const. v. Auto-Owners Mut. Ins.* (1980), Ind.App., 408 N.E.2d 640, 645.

■ Merchants' final contention is that the trial court erred in refusing to admit plaintiff's Exhibit No. 7, an undated guaranty allegedly executed by the Lewarks. Merchants argues that since Trial Rule 9.2 provides for the admission of an instrument into evidence if it is included in a pleading and not specifically denied, and Trial Rule 15 provides that when issues are tried by express or implied consent of the parties they are treated as if raised in the pleadings, the undated guaranty was automatically in evidence as soon as it was offered. This creative interpretation of the Trial Rules fails because the undated guaranty was not included in any pleading nor admitted into evidence and thus was never tried by express or implied consent of the parties. Where the trial court sustains an objection to the admission of evidence, it will be upheld on appeal if there is any basis upon which the ruling is correct. *Hahn v. Ford Motor Co., Inc.* (1982), Ind. App., 434 N.E.2d 943, 956. In this case, an undated guaranty was not relevant to the issues at trial and created a potential for confusion. The trial court's refusal to admit plaintiff's Exhibit No. 7 was correct.

The trial court is affirmed.

STATON, J., concurs.

GARRARD, P.J., concurs in result with opinion.

GARRARD, Presiding Judge, concurring in result.

I concur in the result reached by the majority because the trial court could permissibly have determined there was a failure of proof at the trial. For instance, the bank offered no testimony to establish either that the note executed December 1, 1983 concerned only the pre-existing debt

contemplated in the original mortgage or that the guaranty executed December 8 was executed in response to and as a part of the transaction of December 1. Indeed the only witness called had been in his position only a few months and had no direct knowledge of any of the transactions involved.