John C. FLECK, Virginia Fleck, Thomas Hickey and Jane Hickey, Appellants (Defendants Below),

v.

Jack J. RAGAN and Mary Kay Ragan, Appellees (Plaintiffs Below).

No. 46A03-8704-CV-98.

Court of Appeals of Indiana, Third District.

Nov. 18, 1987.

Fred M. Cuppy, Kathryn D. Schmidt, Thomas, Burke, Dyerly & Cuppy, Merrillville, for appellants.

Dennis F. Smith, La Porte, for appellees.

STATON, Judge.

John and Virginia Fleck (Flecks) and Thomas and Jane Hickey (Hickeys) appeal the general judgment of the trial court ordering each of them to pay Jack and Mary Ragan (Ragans) six thousand one hundred fifty-nine dollars and ninety-three cents ($6,159.93).

The Flecks and Hickeys raise three issues [1] on this appeal, which we consolidate and restate as:

1) Whether the trial court's judgment is contrary to law and contrary to the evidence because the Flecks and Hickeys were merely accommodation parties for the Ragans.

2) Whether the trial court's judgment against the Hickeys is contrary to law and contrary to the evidence because their guaranty was not supported by consideration.

Affirmed.

In January, 1978, Jack Ragan, David Kramer and John Fleck formed a corporation, Kramer/Ragan and Associates, Inc. The First National Bank & Trust Co. of LaPorte (Bank) agreed to extend to the new corporation a line of credit in the amount of $60,000 on the condition that the principals (Ragan, Kramer and Fleck) and their wives guarantee payment. The cor-

---

1. The Flecks and Hickeys also raise the issue whether the assignments of the note and guaranties to the Ragans by the Bank is valid. Be-

cause we decide this case on other grounds, we do not address this issue.

poration subsequently drew down the entire $60,000.

In December, 1979 or January, 1980, Kramer left the corporation, paying Bank $20,000 in settlement of his portion of the outstanding debt. At this time, the corporation was reorganized and renamed H.F.R., Inc., with Thomas Hickey coming in as a shareholder.

On March 4, 1980, a new note was issued to H.F.R., Inc. to reflect the balance of $40,722.37 still owing after Kramer paid his share. Guaranties were signed by the principals (Ragan, Fleck and Hickey) and their wives. After several renewals of this note, a final note was issued on December 23, 1980, due March 23, 1981. The note was not paid when due and by September 28, 1981, the principal balance was $33,-622.37.

At this time, Bank called the note and on October 1, 1981, sued the Ragans on their guaranty. Bank obtained an order of attachment, so when the Ragans sold their house, Bank received the proceeds to pay off the loan. The Ragans moved to add the Flecks and Hickeys as permissive parties based on the guaranties they had signed. The trial court granted the motion and subsequently entered judgment against the Flecks and the Hickeys.

Under our standard of review we presume the general judgment of the trial court is based on findings supported by the evidence. We will not weigh conflicting evidence but consider only evidence most favorable to the prevailing party. We will affirm the trial court's judgment if there is evidence of probative value that sustains the judgment. In addition, when we review a general finding of the trial court we must affirm if it is sustainable on any legal theory which is supported by the evidence. We will reverse a decision as contrary to the evidence only if the trial court's decision is not supported by any substantial and probative evidence. *General Plating & Engineering v. Syn Indus.* (1985), Ind. App., 472 N.E.2d 1290, 1292. (Citations omitted.)

## I.

### Accommodation Parties

Specifically, the Flecks and Hickeys argue that the evidence establishes that they were merely accommodation parties and as such cannot be liable to the Ragans, the party accommodated. The law on this point is quite clear. IC 26–1–3–415(5) provides:

(5) *An accommodation party is not liable to the party accommodated,* and if he pays the instrument has a right of recourse on the instrument against such party.

(Emphasis added).

■ The Fleck's and Hickeys' argument overlooks one important fact, though. The accommodated party in this case was not the Ragans. There is ample evidence to support a conclusion by the trial court that the accommodated party was H.F.R., Inc. The line of credit and the promissory notes evidencing the debt were for the corporation H.F.R., Inc., formerly Kramer/Ragan and Associates, Inc. The Kramers, Ragans, Flecks and Hickeys all signed guaranties at some point to guarantee payment of the corporation's debt. Thus, although the Flecks and Hickeys correctly contend they were accommodation parties, the evidence shows that the Ragans were also accommodation parties and not the accommodated party. *See In re Alliance Beverage Co., Inc.,* 420 F.Supp. 437, 442 (N.D. Ind.1976); IC 26–1–3–415(1).

The issue becomes whether the trial court's judgment is contrary to law because the Flecks and Hickeys were ordered to contribute for their share of the debt paid by the Ragans. The Indiana Code is silent as to the liability between co-guarantors. Thus we must look to the common law. IC 26–1–1–103.

■ The theory of contribution between co-sureties is not a novel one. *See eg. Nurre v. Chittenden* (1877), 56 Ind. 462; *Rankin v. Collins* (1875), 50 Ind. 158; *Comegys v. State Bank of Ind.* (1855), 6 Ind. 357. Likewise, joint principals on a note are held liable for contribution. *McLochlin v. Miller* (1966), 139 Ind.App. 443, 217

N.E.2d 50. The right of contribution operates to make those who assume a common burden, bear it in equal proportions. *Id.*, 217 N.E.2d at 52.

This theory has also been applied to co-guarantors. In *Hartung v. Architects Hartung/Odle/Burke, Inc.* (1973), 157 Ind. App. 546, 301 N.E.2d 240, *reh. denied* (1973), the court addressed the issue whether a co-guarantor could be forced to contribute when the principal obligor has sufficient funds to pay the note. Implicit in the court's affirmative holding is the rule of contribution between co-guarantors. We conclude that the trial court's judgment is not contrary to law because it is sustainable on the theory of contribution.

## II.

### *Consideration*

The Hickeys also raise the issue whether the trial court's judgment against them is contrary to the evidence and the law because the guaranty signed by them is invalid for lack of consideration. The principal contract here is the promissory note executed on March 4, 1980. The Hickeys did not execute their guaranty until September 26, 1981. This court recently reaffirmed the specific guidelines for such a situation.

> Where a guaranty is executed subsequent to the principal contract, in order for the guaranty to be regarded as being made at the same time so as to constitute a part of the same transaction and be supported by the same consideration it must generally be shown that:
>
> (1) The guaranty was executed pursuant to an understanding had before and was an inducement to the execution of the principal contract; or
>
> (2) The guaranty was delivered before any obligation or liability was incurred under the principal contract; or
>
> (3) The guaranty was made pursuant to a contract provision; or
>
> (4) The principal contract does not become operative until the execution of a guaranty; or
>
> (5) The guaranty expressly refers to a previous agreement between the principal debtor and creditor which is executory in its character and embraces prospective dealings between the parties. *See* 38 C.J.S. Guaranty § 26.

*Merchants Nat. Bank and Trust Co. v. Lewark* (1987), Ind.App., 503 N.E.2d 415, 417, *reh. denied* (1987).

In *Lewark*, the principal contract was executed on December 1, 1983 and the guaranties were executed on December 8, 1983. Merchants Nat. Bank and Trust Co. (Merchants) had the burden of proving the guaranties were executed pursuant to a prior understanding and were an inducement to the execution of the principal contract. The only evidence Merchants presented was the following clause in the principal contract:

> "The loans hereunder shall be guaranteed by the unlimited guaranties of ... Gregory Lewark ... [and] Nancy M. Lewark...."

*Id.* at 417.

This court affirmed the trial court's finding that Merchants did not carry its burden of proof with this evidence. The reference to "some unspecified" guaranties was not sufficient to tie together the principal contract and the guaranties to show a prior understanding existed and was an inducement to the execution of the principal contract. *Id.* at 417.

■ The present case can be distinguished from *Lewark*, however. Here, the Ragans do not rely on a vague clause in the promissory note to connect the note with the Hickeys' guaranty. They point to the testimony of Bank's president, who was involved in the transaction. The president testified the note was restructured with the understanding it would be supported by the guaranties of the Ragans, Flecks and Hickeys. This is probative evidence from which the trial court could reasonably determine the Hickeys' guaranty was executed pursuant to an understanding and was an inducement to the execution of the principal contract.

Affirmed.

SHIELDS and GARRARD, P.JJ., concur.