David J. CUNNINGHAM and Allen M. Valenti, Appellants (Plaintiffs Below),

v.

MID STATE BANK, Appellee (Defendant Below).

No. 12A02–8903–CV–100.

Court of Appeals of Indiana, Third District.

Oct. 4, 1989.

Rehearing Denied Dec. 5, 1989.

---

John H. Calhoun, Jr., Indianapolis, for appellants.

Keith A. Peterson, Merchants Nat. Corp., Indianapolis, for appellee.

HOFFMAN, Judge.

Plaintiffs-appellants David Cunningham and Allen Valenti appeal from the entry of summary judgment in favor of defendant-appellee Mid State Bank, in an action alleging wrongful conversion of monies deposited with the bank. The facts relevant to this appeal are summarized below.

On March 22, 1985, Cunningham and Valenti deposited with Farmers State Bank of Zionsville, Indiana the sums of $10,000.00 and $15,000.00 respectively, which deposits

were evidenced by certificates of deposit. On September 17, 1985, Cunningham deposited the additional sum of $5,000.00 with Farmers State Bank, as evidenced by a third certificate of deposit. Cunningham and Valenti pledged the certificates as collateral for the present and future indebtedness of the Merchandise Group, Inc. by executing Assignments of Certificates of Deposit. The pledge agreements provided in pertinent part:

"FOR VALUE RECEIVED, I/we hereby assign to you my/our certificate ... [as] security for borrowing of The Merchandise Group, Inc. represented by Loan No. 41571....

This assignment shall be a continuing one and shall be effective for any renewals of above loan until same is entirely paid; and shall operate as security for payment of any other debts or liabilities of the above borrower now in existence or hereafter contracted."

In late 1985, Farmers State Bank successfully negotiated to purchase the stock of Citizens Bank and Trust Company of Lebanon. Citizens Bank and Trust Company was merged into Farmers State Bank, and for purposes of community relations and recognition, Farmers State Bank changed its name to Mid State Bank. Mid State Bank administered the assets and honored the liabilities of Citizens Bank and Trust Company and Farmers State Bank.

The Merchandise Group, Inc. defaulted on its obligations guaranteed by Cunningham and Valenti. After notifying Cunningham and Valenti that the principal obligation was in default, Mid State Bank applied their certificates of deposit in partial satisfaction of the debt of the Merchandise Group, Inc.

Cunningham and Valenti instituted the instant action, contending that the corporate reorganization of Farmers State Bank operated to discharge their liability as guarantors and further arguing that Mid State Bank wrongfully converted their deposits. The lower court entered summary judgment for Mid State Bank on the grounds that there had been no discharge of the guarantors' obligation. On appeal, Cunningham and Valenti raise the following allegations of error:

(1) whether the trial court erred by denying the plaintiffs' motion to strike the affidavit of Jerry Abbott;

(2) whether the trial court erred by entering summary judgment in favor of Mid State Bank;

(3) whether the trial court erred by denying the plaintiffs' motion for leave to file an amended complaint; and

(4) whether the trial court erred in its rulings on various motions related to discovery.

### I. AFFIDAVIT OF JERRY ABBOTT

█ Accompanying Mid State Bank's motion for summary judgment was the affidavit of Jerry Abbott, the executive vice president and cashier of the bank. Cunningham and Valenti moved unsuccessfully to strike ten paragraphs contained in the affidavit. The paragraphs deemed objectionable by Cunningham and Valenti are set out below:

"2. That I have personal knowledge of the facts contained herein and am competent to testify to such in a court of law.

\* \* \* \* \* \*

4. That the Citizens Bank and Trust Company of Lebanon was incorporated on June 2, 1899 under the name of Citizens Loan and Trust Company. A true and accurate photostatic copy of the filing evidencing such incorporation has been attached hereto, incorporated by reference herein and marked as Exhibit 'A'.

5. That on or about January 20, 1942, the Citizens Loan and Trust Company changed its name to the Citizens Bank and Trust Company of Lebanon, Indiana, through filing Articles of Amendment with the Secretary of State of Indiana. A true and accurate copy of the certification of Articles of Amendment is attached hereto, incorporated by reference herein and marked as Exhibit 'B'.

6. That Farmers State Bank of Zionsville, Indiana, was incorporated on June 6, 1923. A true and accurate photostatic

copy of the relevant sections of the Articles of Association evidencing such incorporation is attached hereto, incorporated by reference herein and marked as Exhibit 'C'.

7. That Citizens Bank and Trust Company and Farmers State Bank each had a separate and continuous existence from their respective dates of incorporation until December 31, 1985.

8. On December 31, 1985, the Citizens Bank and Trust Company of Lebanon was merged into the Farmers State Bank. A true and accurate photostatic copy of the Certificate of Merger filed with the Office of Secretary of State of Indiana is attached hereto, incorporated by reference herein and marked as Exhibit 'D'.

9. That by virtue of this merger and as evidenced by the Articles of Merger filed with the Secretary of State, Citizens Bank and Trust Company of Lebanon was the non-survivor and the Farmers State Bank of Zionsville was the survivor corporation.

10. That contemporaneous with the merger of Citizens Bank and Trust Company and Farmers State Bank, the name of the survivor corporation became Mid State Bank.

11. That Mid State Bank has continued its existence from the date of merger through the date of execution of this Affidavit, and remains in good standing with the Secretary of State of Indiana.

12. That at all times relevant to this lawsuit, Mid State Bank has honored all duties and liabilities of Citizens Bank and Trust Company of Lebanon and Farmers State Bank."

According to Cunningham and Valenti, paragraphs 4, 5 and 6 should have been stricken from Jerry Abbott's affidavit, because the paragraphs were not based on Abbott's personal knowledge. Ind. Rules of Procedure, Trial Rule 56(E) stipulates that affidavits supporting or opposing a summary judgment motion must be made on personal knowledge. Cunningham and Valenti challenge Abbott's claim of personal knowledge as to events occurring prior to his birth.

The contents of paragraphs 4, 5 and 6 are likely based on information and belief rather than personal knowledge. Thus the statements were improperly included in the affidavit supporting the motion for summary judgment.

> See *U.S. v. Crispen* (N.D.Ill.1985), 622 F.Supp. 75 (statements in affidavits made on information and belief may be disregarded as not meeting the personal knowledge requirement);
>
> *In re World of English, N.V.* (N.D.Ga. 1982), 19 Bankr. 594 (paragraphs in affidavit which were not based on personal knowledge but upon information obtained from others would be disregarded).[1]

Yet the facts alleged in paragraphs 4, 5 and 6 were not material to the instant dispute. Their significance, if any, was to provide a historical context in which to view the events giving rise to the plaintiffs' claim of wrongful conversion. Therefore, the lower court's reliance on that portion of the affidavit did not constitute reversible error.

■ Cunningham and Valenti further contend that paragraph 7 of the affidavit does not reflect the personal knowledge of the affiant, Jerry Abbott. The plaintiffs' contention is not persuasive. Whether Farmers State Bank and Citizens Bank and Trust Company maintained distinct corporate identities until December 31, 1985 was a matter within the scope of Abbott's personal knowledge. Abbott commenced employment at Farmers State Bank in March of 1969, and his association with the bank

---

1. The federal rule contains the following language identical to Ind. Rules of Procedure, Trial Rule 56(E): "[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(E). Where an Indiana trial rule is patterned after a federal rule, the authorities on the federal rule are helpful in construing the state rule. *Celina Mut. Ins. Co. v. Forister* (1982), Ind.App., 438 N.E.2d 1007, 1011 n. 3.

was continuous. Abbott's longstanding employment with the bank in a management position supports an inference that he had personal knowledge regarding the separate corporate existence of Farmers State Bank and Citizens Bank and Trust Company.

> *See Skaggs v. Merchants Retail Credit Ass'n* (1988), Ind.App., 519 N.E.2d 202 (knowledge of payments and credits inferred from affiant's employment in the billing and collections office);
> *French v. Hickman Moving and Storage* (1980), Ind.App., 400 N.E.2d 1384 (requisite knowledge inferred from affiant's position as co-owner and bookkeeper of company).

There was no error in the trial court's refusal to strike paragraph 7.

■ The plaintiffs also object to paragraphs 8, 9, 10, 11 and 12 of the affidavit, arguing that the paragraphs contain legal opinions about which Abbott was incompetent to testify. Again, the plaintiffs' argument is unavailing. Abbott, as executive vice president of the bank and a member of its board of directors, was competent to testify regarding the merger of Farmers State Bank and Citizens Bank and Trust Company, the subsequent name change to Mid State Bank, the status of Mid State Bank as a corporation in good standing, and the assumption by Mid State Bank of the assets and liabilities of Farmers State Bank and Citizens Bank and Trust Company. There is no merit in the plaintiffs' assertion that paragraphs 8 through 12 were inadmissible because they contained opinion evidence. *See Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686 (affidavit of abstractor in quiet title action was not opinion evidence, where facts underlying affidavit established that abstractor had been engaged in business for 41 years and that abstract was prepared by his employer).

## II. SUMMARY JUDGMENT

For their second appellate contention, Cunningham and Valenti aver that the entry of summary judgment in favor of Mid State Bank was contrary to law. Cunning-

ham and Valenti suggest that their obligation as guarantors of the indebtedness of the Merchandise Group, Inc. was discharged by the corporate reorganization of Farmers State Bank.

■ It is a general rule that when the principal and obligee cause a material alteration of the underlying obligation without the consent of the guarantor, the guarantor is discharged from further liability.

> *Merchants Nat. Bank and Trust Co. v. Lewark* (1987), Ind.App., 503 N.E.2d 415, 416;
> *Houin v. Bremen State Bank* (1986), Ind.App., 495 N.E.2d 753, 759.

A material alteration which will effect a discharge of the guarantor must be a change which alters the legal identity of the principal's contract, substantially increases the risk of loss to the guarantor, or places the guarantor in a different position. 72 C.J.S. *Principal and Surety* § 102(d) (1987).

■ The merger of Citizens Bank and Trust Company into Farmers State Bank, and the re-naming of the survivor corporation, did not alter the legal identity of the Merchandise Group's obligation.

> *Cf.* IND. CODE § 23–1–40–6(a)(2) (1988 Ed.) (The title to all property owned by each corporation party to a merger is vested in the surviving corporation without reversion or impairment.);
> IND. CODE § 28–1–7–19(d) (1988 Ed.) (All debts shall be deemed transferred and vested in the surviving corporation.).

The merger did not increase the risk of loss to Cunningham and Valenti, nor did it place the two guarantors in a different position. Because there was no material alteration of the underlying contract between the Merchandise Group, Inc. and the bank, Cunningham and Valenti's liability continued notwithstanding the merger.

■ The plaintiffs argue that if the merger did not terminate their obligation as guarantors, then they were discharged when Merchants National Corporation purchased the stock of Mid State Bank in November of 1986. The undisputed facts

demonstrated that the following changes resulted from the acquisition of Mid State Bank by Merchants National Corporation. As a subsidiary bank, Mid State Bank was able to offer its employees a uniform pension plan and benefits package. Customer services were expanded to include home equity loans and securities portfolio services. Mid State Bank could draw readily upon the expertise of Merchants National Corporation when making loans, although its legal lending limit was not increased. None of these developments materially altered the obligation of the Merchandise Group, Inc. to repay with interest the money it had borrowed from the bank. Accordingly, Cunningham and Valenti were not discharged.

█ Lastly, Cunningham and Valenti urge that summary judgment was inappropriate because the lower court did not pierce the corporate veil between Mid State Bank and Merchants National Corporation. The plaintiffs' arguments ignore entirely the pivotal inquiry whether there was a material alteration in the principal's contract. The trial court properly granted Mid State Bank's motion for summary judgment.

### III. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

█ The third issue raised on appeal concerns the trial court's denial of Cunningham and Valenti's motion for leave to amend their complaint. The plaintiffs sought to add Merchants National Corporation as a defendant, in order to bring before the court their theory of discharge on the grounds that they did not anticipate a large banking conglomerate would claim the benefit of their guaranties.

The grant or denial of leave to amend under Ind. Rules of Procedure, Trial Rule 15(A) is a matter within the sound discretion of the trial court. *Brenneman Mechanical v. First Nat. Bank* (1986), Ind. App., 495 N.E.2d 233, 244.

" '[D]iscretion' implies flexibility in light of varying circumstances. It is a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable." *Urbanational Develprs. et al. Inc. v. Shamrock Engineering, Inc.* (1978), 175 Ind.App. 416, 421, 372 N.E.2d 742, 746.

The lower court in the instant case denied an amendment, the effect of which would have been to elaborate on the original theory of recovery that a guarantor may be discharged if there are significant changes in the corporate structure of the obligee. The denial of leave to amend the complaint did not constitute an abuse of discretion.

### IV. RULINGS ON VARIOUS DISCOVERY MOTIONS

The final issue presented for this Court's consideration challenges the trial court's decision to proceed with a hearing on Mid State Bank's motion for summary judgment and to foreclose further discovery by Cunningham and Valenti. The plaintiffs maintain that they were denied the opportunity to develop evidence essential to their case by the lower court's rulings.

█ Cunningham and Valenti had filed interrogatories, to which Mid State Bank had not responded, seeking information on the bank's acquisition of the certificates of deposit pledged as collateral for the Merchandise Group, Inc. The information was available to the plaintiffs' through the deposition of Jerry Abbott. Thus the trial court properly declined to compel Mid State Bank to answer the interrogatories. *See Costanzi v. Ryan et al.* (1978), 175 Ind. App. 257, 273, 370 N.E.2d 1333, 1342 (No litigant should be forced to answer interrogatories which serve no purpose.).

█ The plaintiffs also sought to discover "[e]very memorandum, letter, report, inquiry, notice, proposal, directive, note and document of every kind and nature" transmitted between Merchants National Corporation and Mid State Bank after November 27, 1986. Presumably, the information would have been utilized by Cunningham and Valenti to bolster their argument in favor of piercing the corporate veil, thereby establishing liability on the part of Mer-

chants National Corporation for the alleged conversion of the plaintiffs' deposits. The conversion claim, however, was rejected by the trial court when it entered summary judgment on the basis that Cunningham and Valenti had not been discharged as guarantors. Because the discovery of correspondence between Mid State Bank and Merchants National Corporation was related to an issue which was rendered irrelevant by the summary judgment determination, it was not error to proceed to summary judgment while such discovery was pending. *Crull v. Platt* (1984), Ind.App., 471 N.E.2d 1211, 1216.

The trial court has broad discretion in ruling on issues of discovery. *Id.* No abuse of discretion is apparent in the instant case.

The summary judgment in favor of Mid State Bank is affirmed.

STATON and BAKER, JJ., concur.