# FOR PUBLICATION



FILED

May 15 2014, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**AARON J. BUTLER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**MARK D. GERTH**
**PETER A. VELDE**
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RIVIERA PLAZA INVESTMENTS, LLC and HARESH SHAH, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 02A03-1308-MF-323 |
| WELLS FARGO BANK, N.A., | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable David J. Avery, Judge
Cause No. 02D01-1008-MF-720

**May 15, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

# CASE SUMMARY

On July 7, 2006, Appellant-Defendant Riviera Plaza Investments, LLC executed a fixed rate promissory note ("Note") by which it promised to pay Citibank N.A., a national banking association, successor, by merger, to Citibank, FSB, a federal savings bank ("Citibank") the sum of $2,925,000.00 plus interest. On that same date and in connection to the Note, Riviera also executed a mortgage on certain real estate owned by Riviera, and any improvements located thereon ("Mortgage"), and Appellant-Defendant Haresh Shah executed a loan guaranty ("Guaranty"). Riviera subsequently defaulted on the loan.

The Note, Mortgage, and Guaranty (collectively the "Loan Documents") were eventually assigned to Appellee-Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), which then became involved in ongoing collection and foreclosure proceedings against Riviera and Shah (collectively, "Appellants"). On May 13, 2013, the trial court issued its order of judgment. With regard to Riviera, the trial court granted Wells Fargo's motion for summary judgment. With regard to Shah, the trial court entered judgment in favor of Wells Fargo and against Shah.

On appeal, Appellants contend that the trial court erred in finding in favor of Wells Fargo. Specifically, Appellants claim that the record does not support the trial court's determination that (1) the Loan Documents were properly assigned to Wells Fargo, (2) Wells Fargo was entitled to recover from Appellants, (3) the assignment of the right, title, and interest of the Loan Documents did not amount to a material alteration of the Loan

2

Documents which would release Shah from his obligation under the Guaranty, and (4) Wells Fargo was entitled to an award of interest. Finding no error by the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

On July 7, 2006, Riviera, by Shah, for value received, executed and delivered a Note by which it promised to pay Citibank the sum of $2,925,000.00 in monthly installment payments of principal plus interest in the sum of $19,166.33 per month at an annual rate of 6.85 percent. On the same date, Riviera, again by Shah, executed a Mortgage in order to secure the payment of the Note. Also on that date, Shah executed a Guaranty[2] in favor of Citibank. Pursuant to the terms of the Guaranty, Shah guaranteed the prompt, complete, and full payment and performance of Riviera's obligations in accordance with the terms of the Note.

Riviera failed to make the scheduled monthly payments on the Note. As a result of Riviera's failure to make the scheduled monthly payments on the Note, Citibank informed Riviera that it was in default and, on August 27, 2010, initiated foreclosure proceedings against Riviera. On October 28, 2010, Riviera filed a motion for judgment on the pleadings/objection to prosecution of case by a plaintiff who is not a real party in interest, claiming that Citibank had sold the loan at issue to a third party and was no longer the real

---

[1] We note that Appellants made a request for oral argument on the cover of their Appellants' Brief. We remind Appellants and Appellants' counsel that proper procedure for requesting oral argument is to file a separate request with the court. *See generally* Ind. Appellate Rule 52. Nevertheless, because we determine that oral argument is not necessary for the resolution of the instant appeal, we deny Appellants' request for oral argument in an order handed down on the same date as this memorandum decision.

[2] "A guaranty is defined as a promise to answer for the debt, default, or miscarriage of another person." *Grabill Cabinet Co. v. Sullivan*, 919 N.E.2d 1162, 1165 (Ind. Ct. App. 2010) (internal quotation and citation omitted). "It is an agreement collateral to the debt itself and represents a conditional promise whereby

party in interest.  The trial court scheduled a hearing on Riviera's motion for November 23, 2010.

On November 17, 2010, LSREF2 Nova Investments, LLC ("Nova") filed an appearance and a request to be substituted as the plaintiff due to an assignment by Citibank to Nova of Citibank's right, title, and interest in the Loan Documents.  The trial court scheduled a hearing on Nova's motion for the same time as the hearing that was previously scheduled for Riviera's motion for judgment on the pleadings.  On November 22, 2010, Riviera informed the trial court that it did not object to Nova's motion to substitute.  The trial court thereafter granted Nova's motion and vacated the hearings scheduled for November 23, 2010.

On December 14, 2010, Nova filed a motion for leave to amend its complaint to add Shah as an additional defendant based upon his execution of the Guaranty.  The trial court issued an order stating that Nova's motion would be granted unless either Riviera or Shah objected within ten days.  Neither Riviera nor Shah objected, and, on January 4, 2011, the trial court granted Nova's motion to amend its complaint to include Shah as an additional defendant.

On February 3, 2011, Appellants filed their answer to the amended complaint.  Appellants did not deny or challenge the validity of Citibank's assignment of the Loan Documents to Nova in this pleading.

On February 9, 2011, Wells Fargo filed a request to be substituted as the plaintiff due to an assignment by Nova to Wells Fargo of Nova's right, title, and interest in the Loan

the guarantor promises to pay only if the principle debtor fails to pay."  *Id*. (internal quotations omitted).

4

Documents. Neither Riviera nor Shah objected to Wells Fargo's motion, and, on February 16, 2011, the trial court granted Wells Fargo's motion. Neither Riviera nor Shah took any subsequent steps to set aside the trial court's order or seek reconsideration of the order. In addition, neither Riviera nor Shah filed any subsequent pleadings in which they denied that Wells Fargo was the real party in interest or challenged the authenticity of the assignment.

Wells Fargo subsequently filed a motion for summary judgment which was denied by the trial court on November 21, 2011. On May 2, 2012, Riviera filed a bankruptcy petition. With respect to Riviera, the trial court stayed the case pending the conclusion of the bankruptcy proceedings. With respect to Shah, the trial court conducted an evidentiary hearing on June 19, 2012. Following the conclusion of the presentation of evidence, the trial court took the matter under advisement.

In October of 2012, Wells Fargo notified the trial court of the dismissal of Riviera's bankruptcy proceedings and filed a renewed motion for summary judgment. On November 12, 2012, the trial court conducted a hearing on Wells Fargo's motion for summary judgment. On May 13, 2013, the trial court issued its order of judgment. With regard to Riviera, the trial court granted Wells Fargo's motion for summary judgment. With regard to Shah, the trial court entered judgment in favor of Wells Fargo and against Shah. On July 15, 2013, the trial court entered a decree of foreclosure. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

#### A. Summary Judgment Against Riviera

With respect to Riviera, the trial court granted Wells Fargo's motion for summary judgment.

> Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. When reviewing a decision to grant summary judgment, this court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). We must determine whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. *Id*. Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Id*.
>
> A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind. Ct. App. 1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id*. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred. *Best Homes, Inc.*, 714 N.E.2d at 706 (quoting *Barnes v. Antich*, 700 N.E.2d 262, 264-65 (Ind. Ct. App. 1998)).

*Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 887-88 (Ind. Ct. App. 2002).

## B. Judgment Against Shah Following Evidentiary Hearing

With respect to Shah, the trial court made findings of facts and conclusions thereon following an evidentiary hearing. Where a trial court has entered findings of fact and conclusions thereon, we engage in the following two-tiered standard of review:

> "We must first determine whether the evidence supports the findings of fact and then whether the findings support the judgment. We will not reverse the trial court's findings and judgment unless they are clearly erroneous. Findings of fact are clearly erroneous when the record lacks any facts or reasonable

inferences from the evidence to support them. The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. In making these determinations, we will neither reweigh the evidence nor judge witness credibility, considering only the evidence favorable to the judgment and all reasonable inferences therefrom.

While we defer substantially to findings of fact, we do not do so for conclusions of law. We apply a de novo standard of review to conclusions of law and owe no deference to the trial court's determination of such questions."

*Gates v. Houston*, 897 N.E.2d 532, 534-35 (Ind. Ct. App. 2008) (quoting *Mueller v. Karns*, 873 N.E.2d 652, 657 (Ind. Ct. App. 2007)).

## II. Whether the Trial Court Erred in Ruling in Favor of Wells Fargo

On appeal, Appellants contend that the trial court erred in ruling in favor of Wells Fargo. Specifically, Appellants claim that the trial court erred in ruling in favor of Wells Fargo because Wells Fargo failed to prove (1) a valid assignment of the Loan Documents, (2) that it was entitled to recover from Appellants, (3) that the assignment of the Loan Documents did not constitute a material alteration which would release Shah from his obligation under the Guaranty, and (4) that it was entitled to an award of interest.

### A. Proof of Assignment of Loan Documents to Wells Fargo

Initially, we note that in claiming that the trial court erred in ruling in favor of Wells Fargo, neither Riviera nor Shah contest the execution of the Loan Documents. Rather, they argue that the trial court erred in ruling in favor of Wells Fargo because the record does not prove that the Loan Documents were assigned to Wells Fargo.

### 1. Riviera

Riviera claims that issues of material fact remains as to whether there had been a valid assignment of the Note and Mortgage to Wells Fargo. Specifically, Riviera argues that proof

7

of the assignment was not included in the designated evidence and, alternatively, that Wells Fargo failed to prove a proper chain of title with respect to ownership of the right, title, and interest in the Note and Mortgage. Wells Fargo, for its part, claims that no issues of material fact remain that would preclude summary judgment with regard to the assignment of the Note and Mortgage. We agree with Wells Fargo.

### i. Assignment of Note and Mortgage

The designated evidence demonstrates that Citibank assigned its right, title, and interest in the Note and Mortgage to Nova. The pleadings further demonstrate that Nova subsequently assigned its right, title, and interest in the Note and Mortgage to Wells Fargo. We have previously recognized that a trial court may take judicial notice of a fact that is not subject to reasonable dispute, including judicial notice of the pleadings and exhibits attached thereto in the very case that is before the court. *See Brown v. Jones*, 804 N.E.2d 1197, 1201-02 (Ind. Ct. App. 2004), *trans. denied*. Riviera does not point to any authority suggesting that the general rule allowing the trial court to take judicial notice of the pleadings and exhibits attached thereto does not apply in the context of a request for summary judgment.

Further, we have held that a party has the discretion to designate the material either in the summary judgment motion itself, in a separate filing, or in a brief in support of or in opposition to the motion for summary judgment, and that the party acts within its discretion as long as it informs the trial court of the specific material upon which it relies in support of its motion for summary judgment. *Am. Mgmt., Inc.*, 666 N.E.2d at 429. Here, Wells Fargo referred to the exhibit evidencing the assignments in the brief and reply brief that it filed in

8

support of its motion for summary judgment. As such, we conclude that the trial court properly considered the exhibit that was attached to the pleadings, and that said exhibit, coupled with the designated evidence, demonstrates that the Note and Mortgage were assigned from Citibank to Nova and then from Nova to Wells Fargo.

### ii. Chain of Title

As to Riviera's alternative claim, the designated evidence demonstrates a proper chain of title as the Note and Mortgage were transferred from Citibank to Nova and from Nova to Wells Fargo. In making this alternative claim, Riviera argues that the designated evidence contains a reference to an assignment of the Note and Mortgage to a third party, Lone Star Funds, which Riviera argues creates an issue of material fact as to whether the assignment of the Note and Mortgage from Nova to Wells Fargo is valid. However, despite Riviera's claim that there was an assignment to an unrelated third party, our review of the designated evidence reveals that the so-called reference to an unrelated third party in the designated evidence is in actuality a reference to Nova.

The full legal name of Nova included on all legal documents and pleadings that were filed in the trial court is LSREF2 Nova Investments, LLC. LSREF2 is an abbreviation for "Lone Star Real Estate Funds 2." The designated evidence demonstrates that although Lone Star Funds and Nova are technically separate entities, with respect to the Note and Mortgage, the reference to "Lone Star Funds" was a shorthand reference to Nova. Accordingly, we conclude that the designated evidence does not create an issue of material fact as to the chain of title from Citibank to Nova and Nova to Wells Fargo. Because we conclude that no issues

9

of material fact remain as to whether there was a valid assignment of the Note and Mortgage from Citibank to Nova and then Nova to Wells Fargo, we conclude that the trial court did not err in granting Wells Fargo's request for summary judgment in this regard.

## 2. Shah

Shah claims that the record is devoid of evidence demonstrating that there had been a valid assignment of the Guaranty to Wells Fargo. Again, we have previously recognized that a trial court may take judicial notice of a fact not subject to reasonable dispute, including judicial notice of the pleadings and exhibits attached thereto in the very case that is before the court. *See Brown*, 804 N.E.2d at 1201-02. Further, Indiana Rule of Trial Procedure 9.2(B) provides that "[w]hen a pleading is founded on a written instrument and the instrument or a copy thereof is included in or filed with the pleading, execution of such instrument, indorsement, or assignment shall be deemed to be established and the instrument, if otherwise admissible, *shall be deemed admitted into evidence in the action* without proving its execution unless execution be denied under oath in the responsive pleadings or by an affidavit filed therewith." (Emphasis added).

In the instant matter, copies of the Note and Mortgage were attached to the complaint filed by Citibank. Nova attached a copy of the assignment, allonge, and bill of sale of the Loan Documents from Citibank to Nova to its motion to substitute itself as the proper plaintiff on the previously filed complaint. Nova subsequently filed a motion to amend the complaint to add Shah as a defendant due to his execution of the Guaranty. Nova attached a copy of the Guaranty to its amended complaint. The bill of sale specifically mentions "all

10

guaranties … executed and/or delivered to Seller in connection with the Loan." Appellants' App. p. 172.

In addition, Wells Fargo attached a copy of the assignment of the Loan Documents from Nova to Wells Fargo in its motion to substitute itself as the proper plaintiff on the previously filed amended complaint. The assignment specifically referenced the Note, Mortgage, and all "claims secured thereby." Appellants' App. p. 176. Furthermore, with respect to assignments, the Guaranty provides as follows:

> This Guaranty shall inure to the benefit of the successors and assigns of Lender. Lender may transfer or assign all or any part of this Guaranty or any interest therein without liability or notice to or consent of Guarantor; and this Guaranty shall inure to the benefit of such transferee or assignee to the extent so assigned and Lender may further, without liability or notice to or consent of Guarantor, disclose to any prospective transferee or assignee any and all information, financial or otherwise, which Lender may have about Guarantor, Borrower, the Loan, the Property, this Guaranty, or the performance or non-performance of any obligations of Borrower or guarantor. This Guaranty *shall follow the Note and Security Instrument* and, in the event that the Note and the Security Instrument are sold, transferred, assigned or conveyed by Lender, this Guaranty may be likewise sold, transferred, assigned or conveyed by Lender to the holder of the Note and the Security Instrument, and, in such event, the holder of his Guaranty may enforce this Guaranty just as if said holder had been originally named as Lender hereunder. The terms of this Guaranty shall bind the heirs, legal representatives, successors and assigns of Guarantor, provided, however, that Guarantor may not assign this Guaranty, or assign or delegate any of its rights or obligations under this Guaranty, without the prior written consent of Lender in each instance, which may be given or withheld in the sole and absolute discretion of Lender.

Appellee's App. pp. 7-8 (emphasis added). Furthermore still, the record indicates that Shah did not object to the substitution of Wells Fargo as the real party in interest and plaintiff on the amended complaint. In light of the language in the assignment referring to all "claims secured thereby," Appellants' App. p. 176, the language of the Guaranty indicating that the

Guaranty "shall follow the Note and Security Instrument," Appellee's App. p. 7, and Shah's failure to object to the substitution of Wells Fargo as the real party in interest and plaintiff on the amended complaint, we conclude that the trial court did not err in determining that Wells Fargo held a valid assignment of the Guaranty. As such, we further conclude that the trial court did not err in finding in favor of Wells Fargo in this regard.

### B. Proof that Wells Fargo Was Entitled to Recover from Appellants

In claiming that the trial court erred in ruling in favor of Wells Fargo, Appellants also argue that Wells Fargo failed to prove that it was entitled to recover from Appellants. Specifically, Appellants argue that Wells Fargo failed to prove that Riviera defaulted on the Note. Appellants also argue that Wells Fargo failed to prove the amount due as a result of Riviera's alleged default.

### 1. Riviera

Initially, we note that the Appellants' argument on appeal does not raise any allegation that the designate evidence failed to establish that Riviera defaulted on the Note or the amount due and owing under the terms of the Note. Appellants' arguments relate only to the evidence presented during the evidentiary hearing that was conducted by the trial court on June 19, 2012. As such, these arguments will be discussed only with regard to Shah.

However, notwithstanding Appellants' failure to raise an argument pertaining to the trial court's award of summary judgment against Riviera, we observe that the designated evidence demonstrates that Riviera defaulted on the Note by failing to make the scheduled loan payments and that Riviera was aware of this default on or before March 10, 2010.

Riviera was given an opportunity to cure its default but did not do so. The designated evidence also demonstrates that as of September 1, 2012, Riviera owed the sum of $4,012,199.99 on the Note and Mortgage, broken down as follows:

a. Principal in the amount of $2,832,626.81;
b. Accrued interest from July 1, 2009 to September 1, 2012 in the amount of $614,443.97;
c. Accrued interest at the default rate from August 1, 2009 to September 1, 2012 in the amount of $443,384.78;
d. Accrued late changes in the amount of $41,399.28; and
e. Advances for the payment of real estate taxes in the amount of $80,345.15.

Appellants' App. pp. 361-62. Riviera did not designated any evidence that would create an issue of material fact as to whether it was in default of the Note or whether the stated sums owed by Riviera on the specified dates were inaccurate. As such, the trial court did not err in awarding summary judgment in favor of Wells Fargo in this regard.

## 2. Shah

### i. Default

With respect to Shah, Appellants argue that Wells Fargo failed to establish that Riviera defaulted on the Note. However, contrary to Shah's claim, the record contains evidence that Riviera did in fact default on the Note. The record demonstrates that Riviera failed to make the scheduled monthly payments beginning in August of 2009. Riviera and Shah were notified that Riviera was in default and given the opportunity to cure said default but failed to do so. Shah testified that he sent two additional payments after August of 2009 but failed to provide any documentation supporting this claim and conceded that the alleged payments were never cashed. The trial court, acting as the trier-of-fact, was free to believe or

13

disbelieve Shah's testimony regarded these claimed additional payments and to weigh said testimony accordingly. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*.

### ii. Competency of Witnesses

The trial court also heard the testimony of numerous witnesses who serviced the loan on behalf of Citibank, Nova, and Wells Fargo. These witnesses each testified regarding Riviera's default of the Note. Specifically, these witnesses testified that Riviera failed to make the loan payments scheduled for the loan after August of 2009 and during the time each witness serviced the loan. On appeal, Shah relies on case law from Florida[3] and Wisconsin[4] to challenge whether these witnesses were competent to testify, claiming that the witnesses lacked the requisite personal knowledge about the Loan Documents, and therefore should not have been allowed to testify about such. The Florida and Wisconsin cases cited by Shah, however, are unavailing because in the instant matter, unlike the cases cited by Shah, the record demonstrates that each of the challenged witnesses did have the requisite personal knowledge and was, as a result, competent to testify.

Indiana authority indicates that a witness's personal knowledge of a situation can be inferred from his or her position or relationship to the fact set forth in his or her testimony or

---

[3] *Glarum v. LaSalle Bank Nat'l Assn.*, 83 So.3d 780, 782 (Fl. Ct. App. 2011) (providing that witness who did not know who, how, or when certain data entries were made did not have personal knowledge to testify as to whether the entries were made in the regular course of business).

[4] *Bank of N.Y. v. Cano*, 2011 WI App 27, ¶ 16, 331 Wis. 2d 731, 661 N.W.2d 72 (unpublished disposition providing that affidavit provided by an attorney for the bank lacks proof that the attorney's averments regarding the defendants' failure to make scheduled mortgage payments lacked an indication that

affidavit. *Miller v. NBD Bank, N.A.*, 701 N.E.2d 282, 286 (Ind. Ct. App. 1998); *see also Skaggs v. Merchs. Retail Credit Ass'n, Inc.*, 519 N.E.2d 202, 203 (Ind. Ct. App. 1988) (providing that an affiant's competence to testify regarding payments and credits made on phone bills could be inferred from the affiant's position in the plaintiff's billing and collections office). We have concluded that personal knowledge could be inferred from an affiant's position as a recovery specialist for a loan servicer. *See DeLanden Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 701 (Ind. Ct. App. 2012). Moreover, specifically relevant to the instant matter, we have noted that personal knowledge relating to a debt and payment of said debt by an asset manager of an authorized representative of a creditor and his possession of files relating to the debut justifies admission of the asset manager's affidavit or testimony concerning a defendant's default and the amounts owned on a debt. *See Am. Mgmt., Inc.*, 666 N.E.2d at 429 n.2.

Here, each of the challenged witnesses testified that Riviera failed to make scheduled loan payments during the time in which each serviced the loan pursuant to their positions in loan recovery for the appropriate loan services. Each of the challenged witnesses further testified to the amount owed and indicated that they had personal knowledge of the loan and serviced the loan in a manner consistent with the policies employed in the loan servicers' normal courses of business. As such, we conclude that the trial court did not err in determining that each of the challenged witnesses held the requisite personal knowledge to testify about Riviera's default of the loan.

### iii. Amount Due and Owing Under Note

the attorney's averments as to the defendants' payment history is based on personal knowledge).

Appellants also argue that Wells Fargo failed to properly establish the amount that was due and owing under the Note. However, despite Appellants' claim to the contrary, the record demonstrates that the evidence admitted during the June 19, 2012 evidentiary hearing indicated that, as of June 19, 2012, the balance due and owing was as follows:

| | | |
|---|---|---|
| Principal Outstanding: | $ | 2,832,626.81 |
| Interest from    7/1/2009 TO: 4/4/2011 at 6.850% | $ | 341,178.11 |
| Default Interest 8/1/2009 TO: 4/2/2011 at 5.000% | $ | 240,379.86 |
| Tax Advantage | $ | 80,280.15 |
| Late Charges | $ | 21,849.62 |
| Prepayment Premium | $ | 28,326.27 |
| Processing Fee/Document Preparation Fee | $ | 500.00 |
| ============================================ | | |
| TOTAL DUE | $ | 3,545,140.82 |

Tr. p. 67, Deposition of Sanjay Patel, Ex. E. The evidence also demonstrated that the interest and default interest increased at a combined per diem rate of $932.41. The above-stated evidence is sufficient to prove the amount due and owing on the loan as of the date of the June 19, 2012 evidentiary hearing. Accordingly, we conclude that the trial court did not err in finding in favor of Wells Fargo in this regard.

### C.  Assignment of Loan Documents Does Not Constitute a Material Alteration that Would Release Shah from His Obligation Under the Guaranty

Appellant's also claim that the assignment of the Loan Documents constituted a material alteration of the Loan Documents that would release Shah of his obligation under the Guaranty. Under Indiana common-law principles, when parties cause a material alteration of an underlying obligation without the consent of the guarantor, the guarantor is discharged from further liability whether the change is to his or her injury or benefit. *S-Mart, Inc. v. Sweetwater Coffee Co., Ltd.*, 744 N.E.2d 580, 586 (Ind. Ct. App. 2001) (citing *Goeke*

16

*v. Merchs. Nat. Bank & Trust Co. of Indpls.*, 467 N.E.2d 760, 765 (Ind. Ct. App. 1984)). "A material alteration which will effect a discharge of the guarantor must be a change which alters the legal identity of the principal's contract, substantially increases the risk of loss to the guarantor, or places the guarantor in a different position." *Id.* (citing *Cunningham v. Mid State Bank*, 544 N.E.2d 530, 534 (Ind. Ct. App. 1989), *trans. denied*). "The change must be binding." *Id.* (citing *Houin v. Bremen State Bank*, 495 N.E.2d 753, 759 (Ind. Ct. App. 1986)).

In support of their claim that the assignment of the Loan Documents amounted to a material alteration which would release Shah from his obligation under the Guaranty, Appellants cite to this court's opinion in *Keesling v. T.E.K. Partners*, LLC, 861 N.E.2d 1246 (Ind. Ct. App. 2007). *Keesling*, however, is easily distinguishable from the instant matter. In *Keesling*, the parties executed a second note which significantly expanded the guarantors' potential liability. 861 N.E.2d at 1253-54. The guarantors did not sign the second note. *Id.* at 1254. Thus, with respect to the guarantors, the second note constituted a material alteration of their original obligation, and, accordingly, the guarantors were released from their obligation under the guaranty. *Id* at 1254-55.

While it is true that guarantors are exonerated if the creditor alters the obligation of the principal without the guarantor's consent, *id.* at 1251, in the instant matter, the assignment of the Loan Documents did not alter Riviera's obligation under the terms of the Note. In the instant matter, the plain language of the Guaranty suggests that an assignment of the Guaranty does not constitute a material alteration that would excuse Shah from his

17

obligation.  Again, the Guaranty specifically states that the lender

> may transfer or assign all or any part of this Guaranty or any interest therein without liability or notice to or consent of Guarantor; and this Guaranty shall inure to the benefit of such transferee or assignee to the extent so assigned and Lender may further, without liability or notice to or consent of Guarantor, disclose to any prospective transferee or assignee any and all information, financial or otherwise, which Lender may have about Guarantor, Borrower, the Loan, the Property, this Guaranty, or the performance or non-performance of any obligations of Borrower or Guarantor.  This Guaranty *shall follow the Note and Security Instrument* and, in the event that the Note and the Security Instrument are sold, transferred, assigned or conveyed by Lender, this Guaranty may be likewise sold, transferred, assigned or conveyed by Lender to the holder of the Note and the Security Instrument, and, in such event, the holder of his Guaranty may enforce this Guaranty just as if said holder had been originally named as Lender hereunder.

Appellee's App. p. 7.  As such, in light of the language contained in the Guaranty expressly providing that the Loan Documents could be assigned to another lender with or without notice to Shah and that the Guaranty shall follow the Note and Mortgage in the event the Note and Mortgage were assigned by Citibank, we conclude that the assignment of the Loan Documents did not constitute a material alteration which would release Shah from his obligation under the Guaranty and preclude recovery by Wells Fargo.  Thus, the trial court did not err in ruling in favor of Wells Fargo in this regard.

### D.  Award of Interest

Appellants last claim that Wells Fargo should be precluded from making a claim for interest because Citibank allegedly charged interest in a manner that was not consistent with the terms of the Note.  Appellants, however, cite to no authority in support of this claim. Moreover, the record demonstrates that the trial court heard evidence that Citibank and the subsequent assignees of the Loan Documents charged interest consistent with the terms of

18

the Note. Again, the trial court acting as the trier-of-fact was free to believe or disbelieve witnesses and evidence as it sees fit. *See Thompson*, 804 N.E.2d at 1149; *McClendon*, 671 N.E.2d at 488; *Moore*, 637 N.E.2d at 822. As such, we conclude that the trial court did not err in finding in favor of Wells Fargo in this regard.

## CONCLUSION

In sum, we conclude that the trial court properly granted Wells Fargo's motion for summary judgment against Riviera.[5] In addition, the trial court's determination that Shah was liable under the terms of the Guaranty is not clearly erroneous. As such, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.

---

[5] Wells Fargo also asserts that the award of summary judgment against Riviera was proper because judgment against Shah collaterally estopped Riviera from disputing liability and damages. However, we need not consider the merits of this assertion because the designated evidence does not create any issue of material fact which would preclude an award of summary judgment in favor of Wells Fargo. The designated evidence demonstrates that Wells Fargo holds title to the Note, Riviera defaulted on the Note, and Riviera was liable for the amounts claimed by Wells Fargo.