

FILED

Feb 29 2024, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

W. Edward Skees
New Albany, Indiana

ATTORNEY FOR APPELLEE

Robert L. Barlow, II
Jenner Pattison & Sharpe
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barbara Chitwood,

*Appellant-Defendant,*

v.

John Guadagnoli,

*Appellee-Plaintiff.*

February 29, 2024

Court of Appeals Case No.
23A-MF-2092

Appeal from the Jefferson Circuit
Court

The Honorable Donald J. Mote,
Judge

Trial Court Cause No.
39C01-0810-MF-699

**Opinion by Judge Riley.**
Judges Brown and Foley concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Barbara Chitwood (Chitwood), appeals the trial court's grant of summary judgment in favor of Appellee-Plaintiff, John Guadagnoli (Guadagnoli), on Guadagnoli's Complaint to Foreclose Default Judgment.

We reverse and remand.

## ISSUE

Chitwood presents this court with one issue on appeal, which we restate as: Whether there are genuine issues of material fact which preclude the entry of summary judgment.

## FACTS AND PROCEDURAL HISTORY

On July 10, 2006, Guadagnoli filed a Complaint against Chitwood in Jefferson Circuit Court in Cause 39C01-0607-CC-000387 (Cause 387). On September 21, 2006, Guadagnoli filed a motion for default judgment, which was granted the same day, and which awarded Guadagnoli a judgment in the amount of $19,536.63, plus statutory interest and attorney fees. On June 16, 2008, Guadagnoli moved for proceedings supplemental, with a hearing held on July 21, 2008. No further action was taken until January 22, 2020, when the parties appeared for a pre-trial conference, at which time the trial court set deadlines to submit discovery and dispositive motions. Chitwood served discovery requests on January 28, 2020, and Guadagnoli responded to the requests on February 19, 2020. Counsel for Chitwood withdrew on December 1, 2021.

[5] On October 14, 2008, Guadagnoli filed his Complaint to foreclose default judgment in the current Cause 36C01-0810-MF-000699 (Cause 699), in which he requested the trial court to order his default judgment foreclosed against Chitwood, to enter judgment against Chitwood in the sum of $25,349.80, plus statutory interest, and to order Chitwood's real estate sold in satisfaction of his default judgment, after satisfying any liens preceding the judgment. On October 31, 2008, Chitwood filed Chapter 13 bankruptcy. She subsequently moved to avoid the judgment lien and an Order in this regard was entered by the Bankruptcy Court on January 1, 2011. She failed to pay her monthly obligations under her Chapter 13 bankruptcy, and the bankruptcy proceeding was subsequently dismissed.

[6] On April 24, 2019, Guadagnoli filed a motion to re-establish judicial lien, due to the bankruptcy case having been dismissed by the United States Bankruptcy Court for the Southern District of Indiana on July 24, 2012. On June 6, 2022, Chitwood filed a motion to dismiss the current Cause 699, to which Guadagnoli responded on June 14, 2022. Approximately one month later and after conducting a hearing, on August 24, 2022, the trial court denied Chitwood's motion to dismiss. In its order, the trial court concluded that because "the enforcement of a judgment lien is a separate and distinct action from the execution of money judgment via proceeding supplemental," Guadagnoli, "properly filed his Complaint to Foreclose Default Judgment here, separate and distinct from [Cause 387]." (Appellant's App. Vol. II, pp. 10-11). Furthermore, because Guadagnoli's "original default judgment was entered

September 21, 2006," his foreclosure action filed on October 14, 2008, was "well within the statute of limitations. [Guadagnoli's] [C]omplaint is therefore timely." (Appellant's App. Vol. II, p. 11).

[7] On March 17, 2023, Guadagnoli filed a motion for summary judgment, together with a memorandum in support and designation of evidence, arguing that the designated evidence established that no genuine issue of material fact existed, and that Guadagnoli is entitled to a decree of foreclosure against Chitwood. On April 21, 2023, Chitwood filed her response, memorandum in support, and designation of evidence. Chitwood contended that the entry of summary judgment was precluded because (1) Guadagnoli had no standing to bring the "mortgage foreclosure action";[1] (2) no judgment lien exists because "the judgment [in Cause 387] was vacated by implication"; and (3) if "a valid judgment exists under [Cause 387], the time to enforce it has expired." (Appellant's App. Vol. III, p. 16). On August 10, 2023, after a hearing, the trial court summarily granted Guadagnoli's motion, and entered judgment in his favor.

[8] Chitwood now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

I. *Standard of Review*

---

[1] Chitwood has abandoned this argument on appeal.

Chitwood challenges the trial court's grant of summary judgment to Guadagnoli. "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Lamb v. Mid Ind. Serv. Co.*, 19 N.E.3d 792, 793 (Ind. Ct. App. 2014). "The party moving for summary judgment has the burden of making a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Mint Mgmt., LLC v. City of Richmond*, 69 N.E.3d 561, 564 (Ind. Ct. App. 2017); Ind. Trial Rule 56(C). Summary judgment is a "high bar" for the moving party to clear in Indiana. *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). If "the moving party satisfies this burden through evidence designated to the trial court, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial." *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018) (quoting *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*), *trans. denied*. "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (citation and quotation marks omitted).

We review a court's ruling on a summary judgment motion *de novo*, applying the same standard as the trial court. *Hughley*, 15 N.E.3d at 1003. "In conducting our review, we consider only those matters that were designated to

the trial court during the summary judgment stage." *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 860 (Ind. Ct. App. 2021), *trans. denied*. "In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility [but] accept as true those facts established by the designated evidence favoring the non-moving party." *Id*. (citations omitted). "Any doubts as to any facts or inferences to be drawn from those facts must be resolved in favor of the nonmoving party." *Denson v. Est. of Dillard*, 116 N.E.3d 535, 539 (Ind. Ct. App. 2018). However, "[m]ere speculation is insufficient to create a genuine issue of material fact to defeat summary judgment." *Biedron*, 106 N.E.3d at 1089. In the summary judgment context, we are not bound by the trial court's findings of fact and conclusions thereon, but they aid our review by providing the reasons for the trial court's decision. *Howard Cnty. Sheriff's Dep't & Howard Cnty. 911 Commc'ns v. Duke,* 172 N.E.3d 1265, 1270 (Ind. Ct. App. 2021), *trans. denied*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron*, 106 N.E.3d at 1089.

[11] Prior to turning to the merits of her contentions, we first must address Chitwood's allegation that "Guadagnoli filed a motion for summary judgment in the underlying case without designating any evidence or supporting affidavits." (Appellant's Br. p. 14).

[12] While Guadagnoli filed a designation of evidence together with his memorandum supporting the motion for summary judgment, no documents or affidavits were attached. "A party has the discretion to designate the material either in the summary judgment motion itself, in a separate filing, or in a brief

in support of or in opposition to the motion for summary judgment, and that party acts within its discretion as long as it informs the trial court of the specific material upon which it relies in support of its motion for summary judgment." *Riviera Plaza Investments, LLC v. Wells Fargo Bank, N.A.*, 10 N.E.3d 541, 546 (Ind. Ct. App. 2014). Guadagnoli's memorandum referred to the default judgment and the order denying Chitwood's motion to dismiss. Pursuant to Indiana Rule of Evidence 201(b)(5), "[a] court may judicially notice [....] records of a court of this state" and pursuant to Trial Rule 56(C), "[a]t the time of filing the motion [of summary judgment] or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, *matters of judicial notice*, and any other matters on which it relies for purposes of the motion." While the record does not seem to contain any explicit statement that the trial court took judicial notice of these specific records mentioned in Guadagnoli's memorandum, it seems clear, from the grant of summary judgment to Guadagnoli, that this essentially occurred. *See also Riviera Plaza Investments, LLC*, 10 N.E.3d at 546 (where we recognized that a trial court can take judicial notice in the context of a request for summary judgment).

II. *Analysis*

[13] Without attacking the validity of the underlying default judgment, Chitwood first contends that there is a genuine issue of material fact as to whether the default judgment was set aside in Cause 387 and therefore cannot be used as the underlying judgment to support Guadagnoli's Complaint to foreclose judgment. Pointing to the chronological case summary (CCS) in Cause 387, Chitwood

maintains that "[t]he only explanation for the [c]ourt ordering discovery, dispositive motions, and responsive pleadings is [that] the default judgment under [Cause 387] was vacated." (Appellant's Br. p. 15).

[14] The CCS in Cause 387 reflects that the trial court conducted a hearing on the motion for proceedings supplemental on July 21, 2008. These proceedings were stayed by the trial court by CCS entry of January 1, 2011, due to Chitwood's bankruptcy filing, until July 24, 2012, when the bankruptcy case was dismissed. No action was undertaken in this Cause until January 22, 2020, when the trial court conducted a pre-trial hearing in which it set the dates for discovery and dispositive motions. Contrary to Chitwood's argument, the CCS does not indicate that the default judgment was set aside or that she had made any filings pursuant to Indiana Trial Rule 60 to commence the vacating of the default judgment. As Chitwood's argument amounts to mere speculation, her contention "is insufficient to create a genuine issue of material fact to defeat summary judgment." *Biedron*, 106 N.E.3d at 1089.

[15] In a related argument, Chitwood claims that Guadagnoli's default judgment has expired. Focusing on Indiana Code § 34-55-9-2, Chitwood contends that since the default judgment was granted on September 21, 2006, and was not renewed within a ten-year period, the judgment expired on September 21, 2016.

[16] Indiana Code section 34-55-9-2 provides that all final judgments for the recovery of money constitute a lien until the expiration of ten years after the judgment is issued. Although a judgment lien expires after ten years, a

judgment still exists for at least another ten years. *See* Ind. Code § 34-11-2-12 (judgment is considered satisfied after twenty years). Nevertheless, we have been careful to note that Indiana Code section 34-11-2-12 does not indicate "'an intention to utterly destroy judgments after the lapse of 20 years.'" *U.S. Bank Trust Nat'l Assoc. as Trustee of American Homeowner Preservation Trust Series 2015 A+ v. Dugger*, 193 N.E.3d 1015, 1019 (Ind. Ct. App. 2022) (quoting *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 818 (Ind. Ct. App. 2005) (quoting *Odell v. Green*, 72 Ind. App. 65, 77, 122 N.E. 791, 791 (1919)).

[17] Here, Guadagnoli's default judgment was granted on September 21, 2006. Because the default judgment constituted the recovery of money, the judgment lien expired on September 21, 2016. However, because Chitwood filed bankruptcy proceedings on October 31, 2008, 11 U.S.C. § 362(a) provided for an automatic stay, restraining creditors, like Guadagnoli, with an injunction from taking actions against Chitwood and the property. The bankruptcy proceeding was dismissed on July 24, 2012. Accordingly, as the proceedings were stayed for three years and nine months, Guadagnoli's lien on Chitwood's real property expired in June 2020.[2]

---

[2] In his appellate brief, Guadagnoli adopts the trial court's application of Indiana Code section 34-55-9-2 in its order denying Chitwood's motion to dismiss, by treating the ten-year lien timeline as a statute of limitations, which the trial court considered tolled by the filing of Guadagnoli's motion to foreclose on October 14, 2008. However, as Guadagnoli did not provide us with supporting precedents or persuasive arguments and we did not find any in our research, we reject this novel interpretation of Indiana Code section 34-55-9-2 as a statute of limitations and follow the jurisprudence set by the appellate bench.

During the eleventh through twentieth years after judgment, no lien exists as to the debtor's real estate. I.C. § 34-55-9-2(2); *Lewis*, 831 N.E.2d at 823 (Mathias, J., concurring); *Borgman v. Aikens*, 681 N.E.2d 213, 219 (Ind. Ct. App. 1997). However, with the permission of the trial court, execution against real estate may still issue, albeit without the benefit of a judgment lien. I.C. § 34-55-1-2; *See, e.g.*, I.C. § 34-55-1-3(1) (one of three kinds of execution of judgments is execution against property of judgment debtor); *Williams v. Lyddick*, 62 N.E.2d 88, 89 (Ind. Ct. App. 1945).

While a judgment may be renewed before the expiration of the lien, we are unaware of any requirement to renew. Rather, it has been noted that "[b]ecause of the confusing complexity of execution and proceedings supplemental, and the added uncertainty caused by the two attendant decade-long time periods, most sophisticated judgment creditors 'renew' their judgments shortly before the expiration of the first (and each successive) decade after judgment." *Lewis*, 831 N.E.2d at 823 (Mathias, J., concurring). Such renewal actions may take place *ad infinitum*. *Town of New Chicago v. First State Bank of Hobart*, 169 N.E. 56, 57 (Ind. Ct. App. 1929).

Here, while the judgment lien has expired, Guadagnoli's default judgment against Chitwood has not. And, as the designated evidence does not reflect that Guadagnoli renewed the judgment prior to the expiration of the judgment lien,

he must obtain leave of the trial court in order to execute on the judgment.[3] *See* I.C. § 34-55-1-2(a); *see also Borgman*, 681 N.E.2d at 213 (Ind. Ct. App. 1997) (citing the predecessor of Indiana Code section 34-55-1-2 and determining that where judgment creditors failed to seek renewal of judgment prior to the end of ten years after the entry of judgment, execution of the judgment could only be had by leave of the court), *trans. denied*. Accordingly, we reverse the entry of summary judgment in favor of Guadagnoli, and we remand to the trial court for further proceedings.[4]

## CONCLUSION

[21] Based on the foregoing, we hold that genuine issues of material fact exist which preclude the entry of summary judgment in favor of Guadagnoli. Therefore, we reverse and remand for further proceedings.

[22] Reversed and remanded.

---

[3] "A renewal complaint pleads the existing judgment, alleges liquidated, accrued interest, and seeks entry of a new judgment in the amount of the original judgment." *See* I.C. § 34-55-1-6; *Lewis v. Rex Metal Craft, Inc.*, 831 N.E. 2d 812, 823 n.13 (Ind. Ct. App. 2005). Since Guadagnoli failed to designate evidence sufficient to establish a renewal, summary judgment would be inappropriate.

[4] In her notice of appeal and in the conclusion of her appellate brief, Chitwood requests this court "to reverse, in its entirety, the trial court's Order Denying Motion to Dismiss." (Appellant's Br. p. 16). Absent specific exceptions which are not present in this case, this court has jurisdiction only over final judgments and appeals from interlocutory orders, and "[g]enerally the denial of a motion to dismiss under T.R. 12(B)(6) is not in itself a final appealable order." Ind. Appellate Rule 5; *Sch. City of Gary v. Cont'l Elec. Co., Inc.*, 301 N.E.2d 803, 808 (Ind. Ct. App. 1973). To be a final appealable order, the order "must dispose of all issues to all parties, ending the particular case and leaving nothing for future determination." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012). By denying Chitwood's motion to dismiss, the trial court allowed this case to go forward, clearly not disposing of the issues.

Brown, J. and Foley, J. concur